CITY OF MIAMI A MUNICIPAL CORPORATION, *Appellant*, v.
FRANK B. SHUTTS, AS RECEIVER OF THE FORT DALLAS
NATIONAL BANK, A CORPORATION ORGANIZED UNDER THE
LAWS OF THE UNITED STATES, *Appellee*.

1. In passing upon a demurrer to the whole bill in a suit in
   equity, every presumption is against the bill, but it is also
   true that such a demurrer operates as an admission that all
   the allegations in the bill which are well pleaded are true,
   and a demurrer to the whole bill should be overruled if the
   bill makes any case for equitable relief.

2. Deposits by the customers or clients of a commercial bank
   therewith are of two classes, *viz.*: *special* or *specific*, and
   *general*. When the identical or other thing deposited is to be
   restored, or is given to the bank for some specified and par-
   ticular purpose, as to pay a certain note or other indebtedness,
   or is received by the bank as a collecting agent, such collec-
   tion to be remitted, such deposits are special or specific, and
   the *property* in the deposit remains in the depositor, the bank
   in such cases becomes the bailee, trustee or agent for the de-
   positor. General deposits in a commercial bank comprise all
   moneys that are simply deposited therewith on account of the
   depositor without being complicated by any other transaction
   than that of the depositing and withdrawing of the moneys
   by the customer from time to time. Such a deposit transfers
   the ownership of the money to the bank, and the relationship
   with reference thereto as between the bank and the depositor
   is simply that of debtor and creditor at common law. The
   original and every subsequent general deposit is in strict legal
   effect a loan by the customer to the bank.

3. A bank becomes the absolute owner of money deposited with
   it to the general credit of a depositor, in the absence of any
   special agreement importing a different character into the
   transaction, and the relationship is simply that of debtor and
   creditor.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Redmond B. Gautier,* for Appellant;

*Hudson & Boggs,* for Appellee.

SHACKLEFORD, J.—The appellant filed its bill in chancery against J. K. McDonald as receiver of the Fort Dallas National Bank. The defendant interposed a demurrer to the bill, pending which McDonald resigned as such receiver and Frank B. Shutts was appointed by the Comptroller of the Currency of the United States in his stead. Upon the written agreement of the parties, Shutts was substituted as defendant in the place of McDonald by an order of the court. Subsequently thereto an order was made sustaining the demurrer and the complainant "allowed until the next rule day to plead over." From this interlocutory order the complainant entered its appeal to this court. The sole point presented to us for consideration and determination is whether or not error was committed in this ruling.

We do not consider it necessary to set out the bill and attached exhibits. It seems sufficient to say very concisely that the bill alleges that, on or about the 11th day of September, 1906, a contract was entered into between the Fort Dallas National Bank, acting through its president, and Edward Seymour & Company, of New York City, by which it was agreed that Seymour & Company should deposit in such bank the sum of $1,000 to secure the purchase of $100,000 5% thirty year bonds of the City of Miami, in the event such bank should be awarded such bonds; that, in the event the bonds were not so awarded to the bank, the $1,000 so deposited was to be returned to Seymour & Company, and, in the event the bonds were so awarded, then,

upon the taking up of the last bond of the issue for $100,-000 by Seymour & Company, the $1,000 so deposited was to be returned to them by the bank; that in pursuance of such contract, a copy of which is attached to and made a part of the bill, the deposit of $1000 was placed in such bank for the purpose stated therein and that, in further pursuance of the contract, Seymour & Company bought and took up from the bank $30,000 of such bond issue, being the only bonds out of the issue of $100,000 delivered or offered for delivery to Seymour & Company, although they stood ready, able and willing to take up the entire issue, in accordance with the terms of the contract. It is further alleged that on the 5th day of July, 1907, J. K. McDonald was appointed receiver of such bank by the Comptroller of the Currency of the United States and duly entered upon the discharge of his duties as such receiver; that such receiver has refused and failed and still refuses and fails to perform the contract so made by the bank by delivering the residue of such bond issue to Seymour & Company, in accordance with the provisions of such contract, and has also failed and refused and still fails and refuses to return to Seymour & Company the sum of $1,000 deposited by them for the purpose of securing such bond issue, as provided for in such contract. It is further alleged in the bill that on the 14th day of December, 1908, Seymour & Company assigned all of its interest in such contract to the complainant, the City of Miami, which became entitled to the sum of $1,000 so deposited in trust in such bank by Seymour & Company, as has already been set forth, a copy of such assignment being attached as an exhibit to the bill and made a part thereof. The bill also contained other allegations as to the bank being in an insolvent condition at the time it received such deposit, which fact was well known to its officers, &c, but, in view

of the conclusion reached, it becomes unnecessary to say more concerning them. The prayers of the bill are that the deposit of $1,000 may be decreed to be a trust fund, to which the complainant is entitled, that the defendant may be ordered to pay the same to the complainant, and for general relief.

To this bill the defendant interposed the following demurrer:

"Comes the defendant, J. K. McDonald, and by protestation not admitting or confessing any of the matters or things in this bill of complaint alleged to be true in the manner and form therein set out, demurs to the said bill of complaint, and for causes of demurrer says:

1st. That by complainants own showing, it is not entitled to the relief prayed.

2nd. The said bill of complaint does not show that the assets coming into the hands of the receiver were swelled by reason of the transactions alleged in the bill.

3rd. That there is no showing in the said bill whereby the defendant is charged with any liability or obligation towards complainant.

4th. That the transaction complained of in the said bill were too remote in time to constitute a valid claim for preference.

5th. That there are no facts shown in the said bill, establishing a valid claim for preference in behalf of complainant."

Before undertaking to answer the question propounded to us on the appeal from the order sustaining this demurrer, we wish to call attention to the fact that no point is made as to whether or not the proper forum has been selected. Neither is the point as to the right of the complainant to acquire by assignment from Seymour & Company their claim to and title and interest in the deposit of $1,000, so as to entitle and authorize it to bring and main-

tain this action properly raised and presented by the pleadings, in our opinion, though such point has been touched upon in the briefs and oral arguments of the respective parties litigant. We pass these two points without discussion or comment. All that we shall attempt to do in this opinion is to determine whether or not the bill was open to attack by the demurrer which was filed.

The principle is well established by a line of decisions in this court that in passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief. Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619, and authorities there cited; Holt v. Hillman-Sutherland Co., 56 Fla. 801, 47 South. Rep. 934; Roberts v. Cypress Lake Naval Stores Co., 58 Fla. 514, 50 South. Rep. 678. In Collins v. State, 33 Fla. 429, 15 South. Rep. we held: "Deposits by the customers or clients of a commercial bank therewith are of two classes, *viz*: *special* or *specific,* and *general.* When the identical money or other thing deposited is to be restored, or is given to the bank for some specified and particular purpose, as to pay a certain note or other indebtedness or is received by the bank as a collecting agent, such collection to be remitted, such deposits are special or specific, and the *property* in the deposit remains in the depositor, the bank in such cases becomes the bailee, trustee or agent for the depositor. General deposits in a commercial bank comprise all moneys that are simply deposited therewith on account of the depositor without being complicated by any other transaction than that of the depositing and withdrawing of the moneys by the customer from time to time. Such a deposit transfers the ownership of the money to the bank, and the relationship

with reference thereto as between the bank and the depositor is simply that of debtor and creditor at common law. The original and every subsequent general deposit is in strict legal effect a loan by the customer to the bank."

In Camp v. First National Bank of Ocala, 44 Fla. 497, 33 South. Rep. 241, 103 Amer. St. Rep. 173, we held: "A bank becomes the absolute owner of money deposited with it to the general credit of a depositor, in the absence of any special agreement importing a different character into the transaction, and the relationship between the parties is simply that of debtor and creditor."

Applying these principles to the bill and demurrer, we have no hesitancy in declaring that the demurrer should have been overruled. Many authorities from other jurisdictions have been cited to us by the respective counsel and several interesting points have been argued before us, but we are of the opinion that only the one point is properly before us and we think that the principles enunciated by this court in the cases which we have cited are decisive as to that, so that we do not feel called upon to do more than to declare for the reasons stated that the interlocutory order appealed from must be reversed and the case remanded, with directions to overrule the demurrer to the bill.

All concur.