RICHIE WOODBRIDGE, *Appellant,* v. A. M. THRASHER, AND B. A. HOWARD, *Appellees.*

Opinion filed Dec. 10, 1915.

Petition for rehearing denied Jan. 12, 1915.

Where the allegations of a bill of complaint which are admitted by demurrer, are sufficient to show an equity in the complainant, and laches do not appear, it is error to sustain a general demurrer to the bill of complaint for "want of equity in the bill, and laches."

Appeal from Circuit Court, Seminole County; Jas. W. Perkins, Judge.

Decree reversed.

*Hilburn & Merryday,* for Appellant;

*Wilson & Housholder,* for Appellee.

WHITFIELD, J.—The bill of complaint filed June 9, 1913, herein as amended alleges that in 1883 Anna C. Woodbridge became the lawful owner in fee simple of Lots 1, 2, 6 and 7, of Block 7, Tier 4, as shown by the E. R. Trafford Map of Sanford, by conveyance from the Florida Land and Colonization Company, the then owner of the land; that on August 1, 1887, the said Anna C. Woodbridge, then a widow, conveyed the land to Albert G. Eaves with the understanding and agreement that said Albert G. Eaves was to hold the same for the use and in trust for the benefit of Richie Woodbridge, the complainant; that said deed of conveyance appeared to be an absolute conveyance to the said Albert G. Eaves, of the property aforesaid, but in truth and in fact at the time of the execution and delivery of said deed as aforesaid, it was understood and agreed by and between said Albert G. Eaves, and the said Anna C. Woodbridge, that the said property was to be held by the said Albert G. Eaves, for the use and benefit of your oratrix as aforesaid; it was further understood and agreed by and between the said Anna C. Woodbridge and the said Albert G. Eaves, that the said Albert G. Eaves would make and execute a deed of trust to said Anna C. Woodbridge as Trustee for your oratrix, in and to all of the lands and tenements that were conveyed as aforesaid to the said Albert G. Eaves, and that on the first day of August, A. D. 1887, the said Albert G. Eaves, did make and execute a deed of convey-

ance of all the lands and tenements, of every kind and nature in the county of Orange and State of Florida, that the said Albert G. Eaves, then had, that said deed of conveyance from said Albert G. Eaves to said Anna C. Woodbridge, so made and executed on the day aforesaid, was not delivered to the said Anna C. Woodbridge until on or about month of March, A. D. 1888; same being hereto attached and marked exhibit "B" and made a part of this Bill of Complaint, that after the execution and delivery of said deed last mentioned herein, and long before the 29th day of August, A. D. 1901; said A. M. Thrasher, who represented himself to be acting as Attorney for Sanford Loan and Trust Company, a Bank in Sanford, Florida, of which one E. R. Trafford was then an officer or agent of said Sanford Loan and Trust Company, in a matter which related to the bank's business and affairs with the said E. R. Trafford, who was then the Trustee of the Estate of Jane E. Cloud, being the mother of said Anna C. Woodbridge, the said A. M. Thrasher, pretending to act as aforesaid, became and was informed and advised as to the contents of said deed from Albert G. Eaves to the said Anna C. Woodbridge, that the said A. M. Thrasher had in his possession, custody and control said deed for several days for the purpose of examining the same as a representative, in relation to the business of said bank with the said Trafford, Trustee, as aforesaid; that the said A. M. Thrasher knew the contents and effect of said deed, and advised said Anna C. Woodbridge not to file or record said deed in the public records of Orange County, Florida, representing to the said Anna C. Woodbridge that if the same was recorded, and the said Richie Woodbridge, complainant herein, should ever marry, that the husband of said Richie Woodbridge could

give the said Anna C. Woodbridge no end of trouble and annoyance on account of said deed, and compel the said Anna C. Woodbridge to account for her acts and doings in relation to the lands and other matters thereby affected; that the said deed was for a long time lost or misplaced, and the said A. M. Thrasher frequently asked the said Anna C. Woodbridge for the said deed, on and prior to the said 29th day of August, A. D. 1901, but the said Anna C. Woodbridge was unable to find said deed and so informed the said A. M. Thrasher that the said deed was lost; that on the 25th day of November, A. D. 1887, the said Albert G. Eaves made and executed his power of attorney to sell, convey or mortgage all of the property in Orange county, Florida, which he then had and held, appointing said Anna C. Woodbridge his attorney in fact; that said power of attorney was on the 9th day of May, A. D. 1889, filed and recorded in Book 9 on miscellaneous records, at page 19, public records of Orange County, Florida; that on the 28th day of February, A. D. 1891, the said Anna C. Woodbridge for herself, and as attorney for Albert G. Eaves, attempted by warranty deed, then and there made, executed and delivered to convey to one George B. Morton, the lands hereinabove described, which said deed was filed and recorded in the public records of Orange County, Florida, June 3rd, A. D. 1891, in Book 78 at page 93, that the said attempted conveyance from said Anna C. Woodbridge for herself, etc., to George B. Morton was made with the understanding and agreement between the said Anna C. Woodbridge and the said George B. Morton, that the said George B. Morton was to hold said lands in trust for the use and benefit for the said Richie Woodbridge, then a minor, complainant herein, and said deed was accepted by the said George B.

Morton as such trust deed; that on December 18th, A. D. 1891, the said George B. Morton, as trustee aforesaid, by an instrument in writing, made, constituted and appointed or attempted to make, constitute and appoint the said Anna C. Woodbridge his attorney in fact with authority to dispose of or defend the title, and prevent the sale of the lands aforesaid, which he then held as trustee, which said power of attorney was filed and recorded on or about the first day of January, A. D. 1893, in miscellaneous records Book 11 at page 92, public records of Orange county, Florida; that on the 17th day of April, A. D. 1893, the said Anna C. Woodbridge as attorney in fact of said George B. Morton, attempted by warranty deed of conveyance to sell and convey to one Calvin A. Poage, all of the lands herein above described, which said deed was on the 19th day of April, A. D. 1893, filed and recorded in Book 87 at page 354, public records of Orange county, Florida, that the said Calvin A. Poage at and before the signing and delivery of the deed aforesaid, knew and was informed that the said George B. Morton held said property as trustee for the use and benefit of the complainant herein, and that said property was in truth and in equity, the property of the complainant herein; that on the 29th day of August, A. D. 1901, the said Anna C. Woodbridge individually and personally, then being indebted to the said A. M. Thrasher in the sum of $1100.00 at the instance, request and demand of the said A. M. Thrasher, entered into and executed a mortgage deed, and at the instance and demand of the said A. M. Thrasher obtained the signature of the said Calvin A. Poage to the said mortgage deed; that the said mortgage covered and was on and upon the lands hereinabove described; that prior to and at the time said mortgage was

executed and delivered to the said A. M. Thrasher as aforesaid, the said A. M. Thrasher well knew that the property herein described covered by said mortgage was held in trust for the use and benefit of the complainant herein and that the said Calvin A. Poage had nothing but a bare legal title thereto, and had no right, title or interest in said property other than that the same was held in trust for the use and benefit of the complainant herein, and that the said Anna C. Woodbridge had no right, title or interest in and to the property aforesaid; that thereafter, on September 3rd, A. D. 1902, the said A. M. Thrasher filed a bill in the Circuit Court for Orange county, Florida, in Chancery to foreclose the mortgage mentioned and described in the preceding paragraph and made as parties defendant the said Calvin A. Poage and the said Anna C. Woodbridge and no others, that the complainant herein was not made a party thereto or represented therein, nor were her interest therein in any way adjudicated in said suit between the same A. M. Thrasher complainant and the said Calvin A. Poage and Anna C. Woodbridge defendants, that prior to the execution and delivery of the mortgage aforesaid the said A. M. Thrasher advised the said Anna C. Woodbridge to say nothing whatever about the trust deed, or the trust estate created by the said trust deed hereinbefore described; that the said Anna C. Woodbridge acting upon the advice of said A. M. Thrasher did not inform complainant herein, of any interest or right, complainant had in and to the property hereinabove described, and that complainant never learned or had any information whatever that the said property was held in trust for her use and benefit from any source whatever, nor knew that she, complainant herein, had any interest, right, title, equity,

claim or demand, in and to the property hereinbefore described, until the 18th day of February, A. D. 1910, when said trust deed executed by Albert G. Eaves to Anna C. Woodbridge hereinabove referred to and described was found; that the said A. M. Thrasher on February 18th, 1904, obtained a final decree against the said Calvin A. Poage and Anna C. Woodbridge, in a foreclosure of the mortgage hereinbefore referred to, and on the 2nd day of May, A. D. 1905, a special master was appointed by the court to execute said final decree in said mortgage foreclosure made and executed a master's deed to the said A. M. Thrasher and that thereafter on September 30th, A. D. 1905, the said A. M. Thrasher obtained an order or writ of assistance from the Judge of the Circuit Court in and for Orange county, Florida, commanding the Sheriff of Orange county, Florida, to dispossess the said Anna C. Woodbridge who had been in possession of the same ever since the 31st day of July, A. D. 1884, which was had and done, and ever since which time the said A. M. Thrasher has been in possession of said property; that your oratrix, Richie Woodbridge, was at the time of the execution of said order or writ of assistance, a minor under disabilities on non-age; that your oratrix reached her majority, to-wit: the age of 21 years on the 4th day of July, A. D. 1906; that your oratrix was kept in total ignorance as to her right, equity, claim or demand, in and to the aforesaid property, until the 18th day of February, A. D. 1910, when said trust deed hereinbefore referred to was found as aforesaid; that during the year A. D. 1910, through her mother, the said Anna C. Woodbridge, she employed attorneys and counsel skilled in the law, to establish her rights and to protect the same in the premises aforesaid; that said attorneys so employed as aforesaid,

received a note for an attorney's fee as aforesaid, agreeing and contracting to prosecute said suit and other suits relative to the property covered by the said trust deed aforesaid in consideration of said note for $1000.00, but your oratrix is informed and verily believes that no steps whatever have been taken by said attorneys; that since said attorneys so employed as aforesaid have failed to institute suit or to take action in the premises, though often requested by your oratrix and her mother, your oratrix, fearing that her rights would be barred by the statute of limitations, has been compelled to employ other counsel and solicitors to bring this her bill of complaint, to-wit: Hilburn & Merryday.

Your oratrix further says, that within the time prescribed in the final decree entered as aforesaid, in the foreclosure suit aforesaid, in which the said A. M. Thrasher was complainant and the said Anna C. Woodbridge and Calvin A. Poage were defendants, as agent for her mother, the said Anna C. Woodbridge, your oratrix tendered and offered the said A. M. Thrasher the entire sum of money decreed to be paid, together with the costs, interest and expenses, and attorneys' fees in said suit, but that the said A. M. Thrasher, in violation of his duty in the premises, refused to accept the money, to examine said tender or to have anything whatever to do with it, stating at the time that in his opinion the property was too valuable for the claim to be settled for the amount of the decree; that the said sum of money hereinabove referred to and tendered as aforesaid, was true and lawful money of the United States of America, and a legal tender; that the said B. A. Howard, defendant herein, claims an interest in and to the lands hereinabove described, the extent and nature of which is not definitely known to your

oratrix; that said claim or interest of said B. A. Howard accrued after the said 18th day of February, A. D. 1910, the date when the trust deed was filed as aforesaid, and that the said B. A. Howard, whatever interest he may have holds the same through, under and by virtue of the pretended title of the said A. M. Thrasher; that the said B. A. Howard well knew, and was informed prior to the date when the said B. A. Howard acquired or claimed said interest in said lands or any part thereof, as aforesaid, that all of the said premises herein described were charged and impressed with a trust for the use and benefit of your oratrix; that the said Anna C. Woodbridge, prior to the time said B. A. Howard acquired or pretended to have acquired said interest in said premises or any part of the same, informed the said B. A. Howard that the said lands belonged to her daughter, your oratrix. Your oratrix shows and represents unto your Honor that the said A. M. Thrasher wrongfully and fraudulently prevented the said trust deed from the said Albert G. Eaves to the said Anna C. Woodbridge being recorded in the public records of Orange county, Florida, until the same was found in 1910 by your oratrix; and that the said A. M. Thrasher wrongfully, fraudulently and with intent to injure your oratrix, advised and counseled the said Anna C. Woodbridge to keep your oratrix in ignorance and darkness as to her equity in and to the property aforesaid, and after so wrongfully and fraudulently advising against and preventing the recordation of said trust deed, and wrongfully and fraudulently advising the said Anna C. Woodbridge to keep your oratrix in ignorance in the premises, with the purpose and design to secure the indebtedness due individually and personally by the said Anna C. Woodbrige to the said A. M. Thrasher, by a mortgage of your oratrix

property, forced and compelled the said Anna C. Woodbridge to make, execute and deliver the mortgage aforesaid with intent thereby to defraud and injure your oratrix, whereby and by reason whereof, and by reason of the Master's Deed aforesaid, to the said A. M. Thrasher, of the lands and tenements hereinabove described, a constructive trust in equity and in law resulted, and the said A. M. Thrasher became, was and is a constructive trustee, holding the legal title to said lands in trust for your oratrix; that the said B. A. Howard acquired his interest or claim as a purchaser with notice as aforesaid, in and to the lands aforesaid, from the said A. M. Thrasher, and became, was and still is trustee of a constructive trust, holding whatever title and claim he has in and to said lands or any part thereof, in trust for the use and benefit of your oratrix. Your oratrix further shows unto your Honor that the said A. M. Thrasher and B. A. Howard excluded and dispossessed your oratrix from the premises hereinabove described, and are in possession of the same and every part and parcel thereof; that the said A. M. Thrasher and B. A. Howard are claiming the same as their property to the exclusion of the rights, interest, equity, use and benefit of your oratrix; that the said A. M. Thrasher and B. A. Howard are using and applying to their use and possession, the rents, issues and profits of said premises to the injury and damage of your oratrix in a great sum of money; that the lands and tenements hereinabove described are of great value, to-wit, of the value of more than $3000.00.

Forasmuch therefore as your oratrix is without remedy save in a court of equity, your oratrix humbly prays as follows:

1. That a decree may be entered in this cause, where-

in and whereby the trust estate in the premises and lands hereinabove described shall be established in and to your oratrix.

2. That the legal title now held by the said A. M. Thrasher be decreed to be held in trust by the said A. M. Thrasher for the use and benefit of your oratrix.

3. That the said A. M. Thrasher be adjudged and decreed to be a trustee, holding in trust for the use and benefit of your oratrix the lands and tenements hereinabove described.

4. That the said A. M. Thrasher be compelled by a decree of this court to account to your oratrix for the rents, issues and profits arising out of and having been derived from the lands and tenements hereinabove described.

5. That the said A. M. Thrasher be compelled by a decree of this court to convey and transfer by a good and sufficient deed of conveyance said lots 1 and 2, 6 and 7, of block 7, tier 4, in the City of Sanford, according to plat of E. R. Trafford, of said City of Sanford recorded in the Clerk's office Orange County, Florida, and that in the event of failure of the said A. M. Thrasher to obey such order of the court in the premises, that the court by its decree divest the said A. M. Thrasher of the legal title in and to the lands and tenements aforesaid, and direct the Special Master appointed by this court to make, execute and deliver to your oratrix a deed of conveyance to the lands aforesaid, and to decree the title to said lands in your oratrix.

6. That the claim, title or interest which the said B. A. Howard claims or holds to the said lands and tenements or any part thereof, be decreed to be in your oratrix, and that the said B. A. Howard be compelled by a

decree of this court to make, execute and deliver to your oratrix, a good and sufficient deed of conveyance, conveying unto your oratrix all the right or title that the said B. A. Howard may have or claim in and to said lands and tenements or any part thereof; that in event said B. A. Howard fails to obey such decree of this court, that the Special Master to be appointed herein be directed to make, execute and deliver to your oratrix a deed of conveyance conveying to your oratrix all the right, title, interest, or claim which the said B. A. Howard may have or claim in and to the lands aforesaid.

7. That a Special Master in Chancery be appointed by this court to take the testimony in this cause, and to ascertain the amount due from the said A. M. Thrasher to your oratrix as rents, issues and profits, out of and from the lands aforesaid.

8. That your oratrix may have such other and further relief in the premises as shall be agreeable to equity, and shall seem meet and proper to your Honor.

May it please your Honor to grant unto your oratrix the State's writ of subpoena under the seal of this Honorable Court directed to the said A. M. Thrasher and B. A. Howard, defendants herein, commanding them on a certain day and under a certain penalty therein to be fixed, to be and appear before this Honorable Court, then and there full, true and direct answers make to complainant's bill of complaint, but not under oath or affirmation, same being hereby expressly waived, and to stand to and abide such order and decree in the premises as may be made by this honorable court. And your oratrix will ever pray, etc.

The demurrer of B. A. Howard is on the grounds:

"First: That the said complainant has not, in and by

her said bill, made or stated such a case as doth or ought to entitle her to any such discovery or relief as is hereby sought and prayed for from or against this defendant.

Second:  That said bill is brought in this honorable court in and for Seminole county (formerly a part of Orange county) in the State of Florida, and apparently filed in said Seminole county, yet said bill is endorsed 'filed June 9th, 1913, B. M. Robinson, clerk, by M. A. Howard, D. C.,' said B. M. Robinson not being the clerk of Seminole county, Fla., but clerk of Orange county, Florida, of which the court will take judicial notice.

Third:  That complainant's bill does not set forth the interest of this defendant with sufficient certainty to inform the court what it is.

Fourth:  That complainant's bill does not show any sufficient reason for making this defendant a party thereto.

Fifth:  That complainant' bill and exhibits thereto attached do not make a case in equity sufficient to justify the relief therein prayed against this defendant.

Sixth:  That complainant's bill is uncertain, defective and improper."

The demurrer of A. M. Thrasher is on the grounds:

"1.   That there is no equity in the said bill.

2.   That the said complainant has not in and by her said bill made or stated such a case as doth or ought to entitle her to any discovery or relief as thereby sought and prayed for from or against this defendant.

3.   That the said bill states no facts on which the relief prayed for could be granted.

4.   That complainant's bill and exhibits thereto attached do not make a case in equity sufficient to justify the relief therein prayed against this defendant.

5.    That there is no sufficient showing of the interest of complainant set out in the bill and exhibits from which the court could determine that any superior equities existed in the complainant as against this defendant.

6.    That before the complainant would be entitled to any relief she would be obliged to show by her bill and exhibits that her equities were better than those of this defendant.

7.    That complainant's bill is in many respects uncertain, defective, evasive, irrelevant and improper."

An order was entered sustaining the demurrers "on the ground of want of equity in the bill, and laches." Complainants were allowed time to amend, but failing to amend, the bill of complaint was dismissed and the complainant appealed, assigning as error the order sustaining the demurrers.

In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief.   City of Miami v. Shutts, 59 Fla. 462, 51 South. Rep. 929; Roberts v. Cypress Lake Naval Stores Co., 58 Fla. 514, 50 South. Rep. 678.

In effect the demurrers admit the allegations of the bill of complaint that on August 1, 1887, Anna C. Woodbridge conveyed the land to Albert G. Eaves, to be held "for the use and benefit of" complainant, and that on the same day pursuant to an agreement to do so, Eaves executed a conveyance of the lands to Anna C. Woodbridge as trustee for the complainant, but said lost deed of conveyance was not delivered to Anna C. Woodbridge "until

on or about month of March, 1888"; that after the execution and delivery of said last-mentioned deed and long before August 29, 1901, said A. M. Thrasher became and was informed and advised as to the contents of said deed from Albert G. Eaves to Anna C. Woodbridge; that the said A. M. Thrasher had in his possession, custody and control said deed for several days for the purpose of examining the same; that the said A. M. Thrasher knew the contents and effect of said deed, and advised said Anna C. Woodbridge not to file or record said deed in the public records of Orange county, Florida, representing to the said Anna C. Woodbridge that if the same was recorded, and the said Richie Woodbridge, complainant herein, should ever marry, that the husband of said Richie Woodbridge could give the said Anna C. Woodbridge no end of trouble and annoyance on account of said deed, and compel the said Anna C. Woodbridge to account for her acts and doings in relation to the lands and other matters thereby affected. That the said deed was for a long time lost or misplaced, and the said A. M. Thrasher frequently asked the said Anna C. Woodbridge for the said deed, on and prior to the said 29th day of August, A. D. 1901, but the said Anna C. Woodbridge was unable to find said deed and so informed the said A. M. Thrasher that the said deed was lost; that in November, 1887, Albert G. Eaves executed to Anna C. Woodbridge a power of attorney to sell, convey and mortgage all the property in Orange county, Florida, which he then had and held; that in February, 1891, Anna C. Woodbridge for herself and as attorney for Albert G. Eaves attempted to convey the land here involved to George B. Morton, with the understanding and agreement that Morton was to hold the lands in trust for use and benefit of complainant, then a

31

minor; that Morton appointed Anna C. Woodbridge his attorney in fact with authority to dispose of or defend the title, and prevent the sale of the lands, which he then held as trustee; that in April, 1893, Anna C. Woodbridge as attorney in fact of said Morton attempted to convey the land to Calvin A. Poage; that Poage knew and was informed that Morton held said property as trustee for the use and benefit of complainant, and that said property was in truth and in equity the property of complainant; that on August 29, 1901, Anna C. Woodbridge individually and personally then being indebted to said A. M. Thrasher in the sum of $1,100.00, at the instance, request and demand of said A. M. Thrasher executed a mortgage deed, and at the instance and demand of said A. M. Thrasher obtained the signature of Poage to said mortgage deed covering the land; that prior to and at the time said mortgage was executed and delivered to the said A. M. Thrasher as aforesaid, the said A. M. Thrasher well knew that the property herein described covered by said mortgage was held in trust for the use and benefit of the complainant herein and that the said Calvin A. Poage had nothing but a bare legal title thereto, and had no right, title or interest in said property other than that the same was held in trust for the use and benefit of the complainant herein, and that the said Anna C. Woodbridge had no right, title or interest in and to the property aforesaid; that B. A. Howard well knew and was informed prior to the date when he acquired an interest in the lands, that they were charged and impressed with a trust for the use and benefit of complainant; that Anna C. Woodbridge informed Howard that the lands belonged to complainant; that the said A. M. Thrasher wrongfully and fraudulently prevented the said trust deed from the said Albert G. Eaves

to the said Anna C. Woodbridge being recorded in the public records of Orange County, Florida, until the same was found in 1910 by your oratrix; and that the said A. M. Thrasher wrongfully, fraudulently and with intent to injure your oratrix, advised and counselled the said Anna C. Woodbridge to keep your oratrix in ignorance and darkness as to her equity in and to the property aforesaid, and after so wrongfully and fraudulently advising against and preventing the recordation of said trust deed, and wrongfully and fraudulently advising the said Anna C. Woodbridge to keep your oratrix in ignorance in the premises, with the purpose and design to secure the indebtedness due individually and personally by the said Anna C. Woodbridge to the said A. M. Thrasher, by a mortgage of your oratrix property, forced and compelled the said Anna C. Woodbridge to make, execute and deliver the mortgage aforesaid; that prior to the execution and delivery of the mortgage aforesaid the said A. M. Thrasher advised the said Anna C. Woodbridge to say nothing whatever about the trust deed, or the trust estate created by the said trust deed hereinbefore described; that the said Anna C. Woodbridge acting upon the advice of said A. M. Thrasher did not inform complainant herein, of any interest or right complainant had in and to the property hereinabove described, and that complainant never learned or had any information whatever that the said property was held in trust for her use and benefit from any source whatever, nor knew that she, complainant herein, had any interest, right, title, equity, claim or demand in and to the property hereinbefore described, until the 18th day of February, A. D. 1910, when said trust deed executed by Albert G. Eaves to Anna C.

Woodbridge hereinabove referred to and described was found.

These and other allegations of the bill of complaint which are admitted by the demurrers, are sufficient allegations of an equity in the complainant; and it does not clearly appear on the face of the bill of complaint that the complainant is in such laches as to exclude her asserted rights from consideration by a court of equity. While the conduct of Anna C. Woodbridge in her dealings with the property is unusual, yet it is alleged that the defendants had such notice of the dealings as to preclude them from asserting rights against the complainant on the showing here made.

The order overruling the demurrers was erroneous, and the decree dismissing the bill of complaint is reversed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

COCKRELL, J., absent on account of sickness.