Ernest Amos, as Comptroller, et al., *Appellants,* v. Genevieve C. Baird, et al., *Appellees.*

Division B.

*Lawrence & Kash,* Attorneys for Appellant;

*W. A. Sheppard, Jr.,* and *Henderson, Franklin & Christie,* Attorneys for Appellee.

Buford, J.—This appeal is from a decree in the consolidated causes wherein certain claimants insisting that each of them respectively held preferred claims against the

Bank of Moore Haven, a State banking corporation, which had become insolvent and in which the final decree was as follows:

"The above entitled cause coming on to be heard on this 31st day of October, A. D. 1927, on petition of the receiver for an order to consolidate the claims of the several claimants, and the court having heard the testimony, and having jurisdiction of the subject matter and the parties, finds that the following claims against the Bank of Moore Haven and the receiver of said bank, to-wit: Genevieve C. Baird in the sum of Three Hundred Twenty-one ($321.00) Dollars; P. G. Waldron in the sum of Two Thousand Six Hundred Fifty-two ($2,652.00) Dollars; Fred H. Parker in the sum of Six Thousand Two Hundred Ninety-two and 22/100 ($6,292.22) Dollars; M. Valaer in the sum of Nine Hundred ($900.00) Dollars; Atlantic Coast Line Railroad Company in the sum of Fourteen Thousand One Hundred Ninety-one and 13/100 ($14,191.13) Dollars; N. F. Stone and Lake Okeechobee Colony Development Company in the sum of One Thousand Eight Hundred ($1,800.00) Dollars; are in each and every case a preferred claim of the respective parties, and each and every of said claims is payable out of the money in the hands of the receiver aforesaid.

"The court further finds that at the time the said receiver took charge of the said bank there was on hand in said bank in cash and in other banks a sum greater than the total sum of the said preferred claims and that there is now in the hands of said receiver a sum greater than the total sum of the said preferred claims.

"IT WAS THEREUPON ORDERED, ADJUDGED AND DECREED, That the said receiver,

and the Comptroller of the State of Florida, Ernest Amos, pay the said preferred claims, each and every, in full out of the said money on hand, within thirty (30) days from this date.

"DONE AND ORDERED in chambers at Fort Myers, Florida, this 31st day of October, A. D. 1927.

"GEO. W. WHITEHURST, Judge."

It will not be necessary to discuss the status of the claim of the Atlantic Coast Line Railroad Company which was presented in this suit in the form of a decree in a separate suit by the railroad company against the receiver of the bank because that decree, of which copy is presented in this cause, was brought to this Court on appeal and has been affirmed and, therefore, the decree in this case insofar as it applies to the claim of the Atlantic Coast Railroad Company is also affirmed.

The claim of Martin Valaer is based upon the following state of facts:

"That on the 16th day of July, 1926, in the afternoon, he went to the office of the said Bank of Moore Haven and doing business in Moore Haven, to buy a draft to pay for a certain piece of land and other indebtedness owing by him to one Mrs. J. A. Johnson. That on said date he purchased from said Bank of Moore Haven a draft payable to Mrs. J. A. Johnson in the sum of $900.00 and the same was issued by said bank and given to the petitioner and by him duly mailed to the said Mrs. J. A. Johnson, properly stamped and addressed. That the same was never paid, that the said draft was drawn on the Bank of America of New York City, N. Y., that the same was received by said bank in due course of mail but was not paid for the reason that after the purchase of said

draft for the payment of said land the said Bank of Moore Haven was closed by order of the State Comptroller and was afterward and now is in the hands of J. D. Hinton as receiver thereof.''

Therefore, it is evident that Martin Valaer simply as a matter of convenience purchased from the bank a draft payable to Mrs. J. A. Johnson in the sum of $900.00. The money which Valaer paid to the bank immediately and properly went into the general assets of the bank and the draft issued therefor became a common liability of the bank. In Clark v. Chicago Title & Trust Co., Receiver, 53 L. R. A. 232 the court says:

''A cashier's check given to a depositor as a mere acknowledgment of indebtedness on the part of the bank to him, being in legal effect the same as a certificate of deposit or a certified check, does not amount to an assignment to him by the bank of the amount of the check, so as to give him any better right against the receiver of the bank than he had by reason of his original deposit.''

If Valaer had delivered the money to the bank, instructing the bank to deliver that money to some other bank for the credit of Mrs. Johnson and the bank had accepted that money under such instructions, then the money would have become a special or specified deposit and the property therein would have remained in Velaer until it was delievered as directed. City of Miami v. Shutts, 51 So. R. 929. But Valaer chose to exchange his money for the paper which amounted to the evidence of indebtedness of the bank.

We must hold, therefore, that the decree is erroneous insofar as it allows the claim of Martin Valaer as a preferred claim, and to this extent it must be reversed. The remainder of the decree should be affirmed on authority

of the opinion in the case of the City of Miami v. Shutts, 59 Fla. 462, 51 So. R. 929, and Collins v. State, 33 Fla. 429, 15 So. R. 214, in which the court say:

"Deposits by the customers or clients of a commercial bank therewith are of two classes, viz: special or specific, and general. When the identical money or other thing deposited is to be restored or is given to the bank for some specified and particular purpose, as to pay a certain note or other indebtedness, or is received by the bank as a collecting agent, such collection to be remitted, such deposits are special or specific, and the property in the deposit remains in the depositor, the bank in such cases becomes the bailee, trustee or agent for the depositor."

It is so ordered.

Reversed in part.

Affirmed in part.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.