JOHN A. NEWSOM, by order substituted for C. L. Knight, as Liquidator of Citizens Bank & Trust Company, a corporation, *Appellant,* v. ACACIA MUTUAL LIFE ASSOCIATION, a corporation, and HILLSBOROUGH LODGE ASSOCIATION, a corporation, *Appellee.*

136 So. 389.

Division A.

Opinion filed July 28, 1931.

568

*Wm. Hunter* and *Gibbons & Gibbons,* for Appellant;
*Charles F. Blake,* for Appellees.

BUFORD, C.J.—Hillsborough Lodge Association is a Florida non-profit corporation. It appears that it was organized for the purpose of taking title to certain real estate upon which it was proposed to erect a Masonic Lodge building. After taking title to the property and prior to the 9th day of April, 1928, Hillsborough Lodge Association applied for, and procured, a loan from Acacia Mutual Life Association and mortgaged the real estate to secure the loan which was in the sum of $115,000.00. Acacia Mutual Life Association made the loan with the agreement and understanding that Hillsborough Lodge Association should open an account with a bank in the City of Tampa, Florida, in which account there should be deposited by the borrower in its name and to its credit the sum of $750.00 each and every month to create a fund with which to meet the installments of principal

and interest as they should mature and become due and payable under the terms of the mortgage. Hillsborough Lodge Association agreed to this condition and selected Citizens Bank & Trust Company as the bank through which to carry out this agreement. Notes and mortgage were executed and delivered.

One of the conditions contained in the mortgage was alleged to have been as follows:

"Said parties of the first part hereby expressly covenant, undertake and agree to deposit monthly in the Citizens Bank & Trust Company, of Tampa, Florida, the sum of Seven Hundred and Fifty ($750.00) Dollars, the first of such deposit to be made September 1, A. D. 1928, and a like amount on the first day of each succeeding month until the full payment of all sums, principal, interest or otherwise secured by this mortgage; that the fund represented by such monthly deposits shall be held by the said Citizens Bank & Trust Company for the sole use and benefit of the party of the second part, and shall constitute a fund out of which the semi-annual installment payment secured by this mortgage shall be paid when and as due by the said Citizens Bank & Trust Company to said party of the second part, upon presentation to the said Citizens Bank & Trust Company of a draft drawn by the said party of the second part on Hillsborough Lodge Association through said Citizens Bank & Trust Company, to which draft shall be attached the note evidencing the semi-annual installment of principal and interest then due; that the said fund so created shall not be subject to withdrawal by the parties of the first part, or any other persons, firms or corporations, except that the said Citizens Bank & Trust Company may permit the withdrawal of any part of said fund after being furnished with written authority and consent of the party of the second part."

It is alleged that on July 27th 1928, Citizens Bank & Trust Company wrote the Acacia Mutual Life Association advising that corporation that the bank had been informed that an account would be opened in the Savings

Department of their bank on August 1st 1928, which account would be opened for the purpose of providing for the payment under the mortgage loan of Acacia Mutual Life Association; that upon receiving such advice Acacia Mutual Life Association wrote the bank as follows:

"Citizens Bank & Trust Company,
Tampa, Florida.
Gentlemen:

We acknowledge the receipt of your letter dated July 27th, advising us that you have been informed that there will be opened in your savings department August 1st an account in the name of Hillsborough Lodge Association, which account will be opened for the purpose of providing for the payments under our mortgage loan.

In the mortgage executed under date of April 9, 1928, to secure the loan we are making Hillsborough Lodge Association and Hillsborough Lodge No. 25, Free and Accepted Masons of your City, it is provided that monthly deposits in the sum of $750.00 shall be made in your bank, commencing September 1, 1928; that the fund represented by such monthly deposits shall be held by said Citizens Bank & Trust Company for the sole use and benefit of the party of the second part (this Association) and shall constitute a fund out of which the semi-annual installment payment, secured by this mortgage shall be paid when and as due by the said Citizens Bank & Trust Company to said party of the second part, upon presentation to the said Citizens Bank & Trust Company of a draft drawn by the said party of the second part on Hillsborough Lodge Association through said Citizens Bank & Trust Company, to which draft shall be attached the note evidencing the semi-annual installment of principal and interest then due; that the said fund so created shall not be subject to withdrawal by parties of the first part, or any other persons, firms or corporations, except that the said. Citizens Bank & Trust Company may permit the withdrawal of any part of said fund after being furnished with written authority and consent of the party of the second part.'

In accordance with the above quoted provision in the

Hillsborough Loan Mortgage, it is our purpose on, or a few days before February 1st 1929, being the date of the first semi-annual installment of $4,468.90 is due, to draw a draft on Hillsborough Lodge Association, which draft will be sent to your bank for payment. Attached to the draft will be note No. 1 and you will be instructed to mark said note 'Paid and Cancelled' upon the payment thereof. The fund above referred to should be carried in the name of Hillsborough Lodge Association, and of course, any increase in said fund by reason of interest earnings is to belong to the Lodge Association. The fund is in the nature of a guaranty to provide for the payments under our mortgage as they severally become due. The drafts that we will draw will be signed by an Officer of this Association. The understanding is that no withdrawals are to be permitted by your Bank from this fund except in the manner above indicated, or except you receive specific authority from us authorizing such withdrawal. We do not deem it advisable that the account should be carried as a joint account.

It is stipulated in the mortgage that failure on the part of the Hillsborough Lodge Association to make the monthly deposits of $750.00 will be treated as a default thereunder, giving the Association the option of calling the loan and proceeding against the property.

If there is any further information that you wish in this matter we shall be glad to do our best to supply it.''

It is alleged that the Citizens Bank & Trust Company replied to this letter, as follows:

''Acacia Mutual Life Association,

101 Indiana Avenue,

Washington, D. C.

Gentlemen:

We wish to acknowledge receipt of your letter of the 31st in which you outlined to us the manner in which you wish the account of the Hillsboro Lodge Association handled in our savings department, and we shall be glad to follow your instructions and pay

drafts against this account when signed by one of your officers.

You did not enclose to us signatures of those authorized to sign against this account and we are enclosing cards and would thank you to supply us with these signatures.

Thanking you for this account and trusting same will be mutually beneficial, we are,''

Under this agreement and with this understanding, it is alleged that beginning on August 1st Hillsborough Lodge Association opened the account with Citizens Bank & Trust Company by making a deposit of $750.00 in the savings department of such bank and that thereafter Hillsborough Lodge Association continued from time to time to make deposits in accordance with the covenants contained in the mortgage deed and that Citizens Bank & Trust Company accepted the deposit on August 1st and all other deposits thereafter in accordance with its contract and agreement with Acacia Mutual Life Association, as reflected by the letters hereinabove quoted.

It is alleged that on the 17th day of July, 1929, the bank became insolvent and failed to open its doors and was taken over by the Comptroller; that one C. L. Knight was appointed Liquidator and afterwards the appellant, Newsom, was appointed Liquidator to succeed Knight. That on the said 17th day of July, 1929, there was on hand in such deposit in such bank for the use and benefit of Acacia Mutual Life Association for the payment by the bank of the note of Hillsborough Lodge Association which matured August 1st, 1929, the sum of $3750.00. It is alleged that demand was made on the Liquidator to apply the said sum of $3750.00 to the payment of the note due August 1st, 1929; that the Liquidator refused to apply such money to the payment of such note and thereupon suit was brought to have the fund declared a preferred claim as a trust fund and to require the same to be paid

over to Acacia Mutual Life Association in payment and discharge of the note due August 1, 1929.

Demurrer to the bill of complaint was overruled after such bill of complaint had been twice amended which order was made by Judge W. T. Harrison, the judges of the Thirteenth Judicial Circuit having filed certificates of their respective disqualifications.

It being stipulated that no further pleadings would be filed, final decree was entered in favor of the complainant granting the relief prayed.

The only question presented here is whether or not the deposit was a special deposit constituting a preferred claim, or was a general deposit constituting a general claim.

It is contended by the appellant that the fund was held by the bank in a general deposit because it was carried with the knowledge of all the parties in the savings department and the bank paid interest thereon; that in effect the deposit was a loan to the bank and the title to the money passed to the bank when the deposits were made and the depositor became a general creditor of the bank to that extent.

It is contended by the appellee and was so held by the court below, that the special contract between the parties fixed the status of the deposit as one of a special trust fund to be applied by the bank to and for a specific purpose and that the contract and agreement of the bank to pay interest on such fund did not change its status, nor convert it to a general deposit.

The controlling element of the contract between the bank and Acacia Mutual Life Association for the benefit of Hillsborough Lodge Association was in writing embraced in the two letters heretofore quoted. In the letter of July 31, 1928 Acacia Mutual Life Association stipulated:

> "that the fund represented by such monthly deposits shall be held by the said Citizens Bank & Trust Com-

pany for the sole use and benefit of the party of the second part (this association) and shall constitute a fund out of which the semi-annual installment payment, secured by this mortgage shall be paid when and as due by the said Citizens Bank & Trust Company to said party of the second part, upon presentation to the said Citizens Bank & Trust Company of a draft drawn by the said party of the second part on Hillsborough Lodge Association through said Citizens Bank & Trust Company, to which draft shall be attached the note evidencing the semi-annual instalment of principal and interest then due; that the said fund so created shall not be subject to withdrawal by parties of the first part, or any persons, firms or corporations, except that the said Citizens Bank & Trust Company may permit the withdrawal of any part of said fund after being furnished with written authority and consent of the party of the second part."

On August 2nd Citizens Bank & Trust Company accepted the terms under which the deposit was to be made expressed in the aforementioned letter of July 31st by including in its response to that letter the following language:

"We wish to acknowledge receipt of your letter of the 31st in which you outlined to us the manner in which you wish the account of Hillsborough Lodge Association handled in our savings department, and we shall be glad to follow your instructions."

This contract necessarily eliminates any reasonable contention that it was ever understood or agreed between the parties that the title to the fund would pass from Hillsborough Lodge Association to Citizens Bank & Trust Company.

Parties sui juris may agree together and make such contracts as suit their respective conveniences and necessities and will be bound by such contracts insofar as they are not prohibited by law. Citizens Bank & Trust Company operates under a special legislative charter under the terms of which it could enter into a contract of the

character here under consideration, although a bank organized under the general law without trust powers could not do so. Under the terms of this contract Citizens Bank & Trust Company voluntarily became the trustee acting for Hillsborough Lodge Association and Acacia Mutual Life Association, agreeing to receive a certain fund from one and to hold it for the sole use and benefit of the other until such time as a draft was made complying with certain conditions set forth in the contract when the fund would be transferred to such other. That the bank saw fit to place the fund in its savings department and if it further agreed to pay Hillsborough Lodge Association interest on the fund (the existence of which promise is not shown by the pleadings) did not change or modify its liability as escrow agent. At most, it only evidenced an unwise business procedure.

The principles of law involved here have been heretofore reviewed by this Court and the application thereof determined. The decree of the chancellor is in harmony with such enunciations. In the case of Collins vs. State, 33 Fla. 429, 15 Sou. 214, this Court, speaking through Mr. Justice Taylor, held:

"Deposits by the customers or clients of a commercial bank therewith are of two classes, viz: *special* or *specific,* and *general.* When the identical or other thing deposited is to be restored, or is given to the bank for some specified and particular purpose, as to pay a certain note or other indebtedness, or is received by the bank as a collecting agent, such collection to be remitted such deposits are special or specific, and the *property* in the deposit remains in the depositor, the bank in such cases becomes the bailee, trustee or agent for the depositor. General deposits in a commercial bank compromise all moneys that are simply deposited therewith on account of the depositor without being complicated by any other transaction than that of the depositing and withdrawing of the moneys by the customer from time to time. Such a deposit transfers the ownership of the money to the bank, and the relation-

ship with reference thereto as between the bank and the depositor is simply that of debtor and creditor at common law. The original and every subsequent general deposit is in strict legal effect a loan by the customer to the bank.''

This enunciation was followed in Camp et al. vs. First National Bank of Ocala, 44 Fla. 497, 33 Sou. 241. See also City of Miami vs. Shutts, 59 Fla. 462, 51 Sou. 929; Johnson vs. Barton, 79 Fla. 46, 83 Sou. 722; Amos, Comptroller, et al. vs. Baird, 96 Fla. 181, 117 Sou. 789.

In this case the contract between the parties made it clear that the character of the deposit as a trust fund was definitely recognized. The purpose for which the money was to be used was definitely and clearly designated. The right of the depositor to preference was secured by the express terms of the agreement under which the bank became the depository of the fund. It appears to us that the basic facts upon which the deposit acquired the status of a preferred claim establishing the existence of the relation of principal and bailee could not be more definitely and clearly shown than has been shown in this case. To hold otherwise we must entirely disregard the intent of all parties to the transaction as expressed by the terms of the contract which were agreed to first between Hillsborough Lodge Association of the one part and Acacia Mutual Life Association of the other part and approved and concurred in by Citizens Bank & Trust Company at, and before, receiving the deposit.

For the reasons stated, the decree should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.