136 So.2d 377 (1962)
J. Ray PERMENTER, Appellant,
v.
BANK OF GREEN COVE SPRINGS, a banking Corporation, Appellee.
No. C-416.
District Court of Appeal of Florida, First District.
January 16, 1962.
*378 Evans, Stewart & Proctor, Jacksonville, for appellant.
Goldstein & Goldstein, Jacksonville, for appellee.
STURGIS, Judge.
The plaintiff below, Permenter, seeks reversal of an order of the Circuit Court of Duval County, Florida, dismissing this action at law upon motion of the defendant-appellee for want of venue.
Omitting dates, the complaint names "The Bank of Green Cove Springs, a banking corporation," as defendant and alleges in substance that for a consideration of $3,001.60 defendant issued and delivered to plaintiff its check in the amount of $3,000.00 drawn on The Atlantic National Bank of Jacksonville, at Jacksonville, Florida, and thereafter directed the Jacksonville bank not to pay the same, as a consequence whereof plaintiff has been deprived of said $3,001.60 which the defendant was and remains obligated to pay to plaintiff.
The defendant bank moved to "dismiss the complaint because of improper venue," but did not support the same with any proofs in the premises. Upon consideration thereof the following order was entered:
"This cause came on this day to be heard on defendant's motion to dismiss because of improper venue, and the same having been argued by counsel for the respective parties to this cause, upon consideration thereof, it is
"ORDERED AND ADJUDGED that said motion to dismiss be, and the same is, granted, and this cause be, and the same hereby is, dismissed."
*379 Section 46.04, Florida Statutes 1959, F.S.A., relating to venue in suits against corporations, provides:
"Suits against domestic corporations shall be commenced only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."
As appellant contends, for aught that appears from the record before this court the defendant, at the time of the institution of this suit, had an office in Duval County for the transaction of its customary business, or had an agent or other representative in that county, either of which circumstances would suffice under the statute. Opposing that contention, on oral argument counsel for appellee stated that when the motion to dismiss was argued before the trial court, counsel for plaintiff conceded that the defendant is a domestic corporation chartered and licensed to do business in Green Cove Springs, Florida, which is located in Clay County, that the transactions surrounding the issuance and delivery of the check in suit occurred at defendant's banking offices in Green Cove Springs, and that process in this cause was served upon the defendant in Clay County. We do not question that occurrence, and it is quite likely that it provided the basis upon which the order appealed was entered. We are compelled to observe, however, that the record is devoid of any affirmative showing to that effect, either by way of stipulation, proofs, recitation in the order, or otherwise. It is fundamental to appellate review that this court may not go beyond the record lodged here, except as to matters of which the court takes judicial notice. Even if it were established that the defendant is licensed to do business in Green Cove Springs, Clay County, Florida, and was served with process in that county, such factors have no bearing on the question of venue under the statute.
Rule 1.11(b), 1954 Florida Rules of Civil Procedure, 30 F.S.A., provides that improper venue may be asserted in the responsive pleading, if one is required, to any claim, counterclaim or cross-claim, or at the option of the pleader may be made by motion. Subdivision (d) of the rule provides that the defenses referred to in subdivision (b), whether made in a pleading or by motion, "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof shall be deferred until the trial"; which presupposes the interposition of a competent defense or motion presenting an issue of fact with respect to one or more of the defenses specified in subdivision (b). Assuming the pleadings of the adverse party do not affirmatively show that venue is lacking, the challenging party has the burden of establishing its absence. A defense asserting a statutory privilege to be sued in a county other than the one in which the suit or action is brought should by specific averments negative a right of the plaintiff to maintain the suit or action in the county where brought, under any applicable provision of law; and to that end should contain specific averments as to the place where defendant resides, where the cause of action accrued, or where the property in litigation is located, with such degree of certainty as to exclude the idea that the suit was brought in the proper county. Bailey v. Crum, 120 Fla. 36, 162 So. 356; L.B. McLeod Const. Co. v. State, etc., 106 Fla. 805, 143 So. 594; Ritch v. Adams, 102 Fla. 983, 136 So. 719; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517. Where that is done the challenging party is entitled to a separate trial, in advance of the trial on the merits, on the questions of fact presented by the *380 defense or motion under Rule 1.11(b). Largay Enterprises Inc. v. Berman, Fla., 61 So.2d 366.
It does not affirmatively appear by the pleadings that venue in this cause lies elsewhere than in Duval County; and the motion to dismiss addressed by the defendant upon that subject is insufficient to constitute a defense on the ground of improper venue. Accordingly, the trial court committed error in granting the motion.
As stated, it is alleged that the subject check was payable at the Atlantic National Bank of Jacksonville in Duval County. While plaintiff failed to attach a copy thereof to the complaint, that omission is not an issue on this appeal and is not germane to the question of venue.
Appellee contends that Section 46.05, Florida Statutes 1959, F.S.A., relating to venue of action upon promissory notes, etc., controls venue in suits involving default in payment of checks, but we do not so construe it. That statute relates exclusively to "promissory notes * * * the payment of which is not secured by a mortgage or pledge of real or personal property," and does not remotely purport to govern venue of actions to enforce the obligation of a check.
We deem it advisable to discuss the question of whether or not the giving by the defendant of a check drawn on a bank in Duval County constitutes a contract on the part of defendant with a holder in due course to perform an obligation in that county, so that upon default in payment thereof a cause of action accrues against the defendant in that county. It is elemental that a check is a written contract to be performed at the place where is located the banking house or place of business of the person on whom it is drawn, and it is not necessary that the contract shall in express words require performance in a particular county. Where performance is a necessary implication from the context of the instrument, it answers the demands of Section 46.04, Florida Statutes 1959, F.S.A., with regard to where the cause of action accrues. The check in suit evidenced a promise on the drawer's part to pay the amount of the check in Jacksonville, Duval County, Florida, through a bank primarily, and if that was not done, then through itself, and the moment the Jacksonville bank refused to pay it the primary liability of the drawer asserted itself. Metropolitan Loan Co. v. Reeves, Tex.Civ.App., 236 S.W. 762.
Reversed and remanded for proceedings consistent herewith.
CARROLL, DONALD K., C.J., and WIGGINTON, J., concur.