THOMAS, Justice.
The appellant, Thomas Allen, was convicted of murder in the first degree by shooting one Goff Howard with a shotgun and, the jury not having recommended mercy, he was sentenced to death in the electric chair.
As was their custom, the victim, operator of a grocery, and his wife closed the store about eight o’clock the fateful night and after determining that the property was secure, went with an employee to the rear of the place where their truck was parked. They carried with them such of the receipts of the day’s business as were represented in “folding money” leaving the accumulated change in the store. As soon as the three entered the truck, the storekeeper started the motor and when he undertook to drive away a man stepped to the driver’s side of the car and, as clearly as could be recalled, said “ 'this is the end of the line, give me what you got.’ ” He had a gun in his hand and announced that he was going to kill the occupants of the truck. Within a short interval he did fire the gun, striking the driver in the temple, destroying half of his brain, from which wound the victim died within 24 hours.
The appellant made first an oral confession then, later, he repeated this confession which was reduced to writing and signed by him. When asked by his own attorney whether or not the confession was freely and voluntarily given he answered that “ 'it was, but he [the sheriff present] made me a promise.’ ” Upon being asked what the promise was, he replied, “ ‘he would let me out on Bond.’ ”
An extensive inquiry into the conditions surrounding the confession, and the repetition of it, was conducted by the trial judge in the absence of the jury and much latitude was granted appellant’s counsel in the examination of witnesses in this respect. Also it appears that the subject of confession was introduced by the appellant when he created a disturbance in the jail and upon investigation by the sheriff of the cause of the noise told the sheriff: “ T have got to get something off of my chest, * * * I killed Mr. Goff Howard.’ ”
In the oral confession as it was related by those present, the apppellant said he and an accomplice lay in wait at the rear of the store and when the party entered the truck and started away, appellant made the remark already quoted. In the written confession, appellant said that when he stepped on the running board, gun in hand, the driver of the truck struck him in the throat knocking him to the ground and called to his wife to hand him a gun; that the truck was proceeding toward the appellant ; that he held a deer horn in his right hand and the gun in his left hand; and that in the struggle to get away from the path of the truck, the gun discharged.
An accomplice testified that they had planned the robbery of the grocer and his account of the halting and shooting harmonizes in essential details with the story of the appellant appearing in his confessions. Moreover he related where the guns, one *540 carried by him and one by appellant, were hidden after the homicide and how he revealed to the officers the whereabouts of the weapons.
The appellant presents four points for discussion, consideration and determination. Three of them will be treated, the fourth will not because admittedly it was not assigned as error.
The first question constitutes a challenge of the judge’s ruling that the appellant’s confession was admissible in evidence. As we have already observed, a thorough examination of witnesses in the absence of the jury established the volun-tariness of the confessions and furthermore, the appellant testified that he was not frightened or intimidated when he made the statements. The sheriffs who were present unequivocally denied any promise of a bond if the appellant confessed and the jury believed them as logically they might, in view of the improbable assertion by the appellant that he confessed to the murder to get out of jail, since bail is not obtainable in capital offenses unless upon hearing, it be determined that the proof is not evident or the presumption not great that the prisoner committed the crime. Sec. 8, Declaration of Rights, Constitution of the State of Florida, F.S.A.
Appellant insists that error was committed by the trial judge when he denied the motion for new trial which was predicated on the ground that the verdict was against the manifest weight of the evidence. We have carefully reviewed all the evidence as we must under the provisions of Sec. 924.32, F.S.A., even when the sufficiency of the evidence is not a ground of appeal, and we have not found reason to disturb the verdict either because the proof is deficient or because the interests of justice require a new trial.
The appellant next contends that the court erred in denying the motion for change of venue but he concedes that it was not supported by affidavits as the statute specifies, therefore, the application was fatally defective and the judge could have properly done nothing but deny it.
The judgment is obviously just and is affirmed.
DREW, C. J., and ROBERTS, THOR-NAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.