PER CURIAM.
The appellant, garnishee in the trial court, seeks review of a final summary judgment.
The appellee was the judgment creditor of Mario Lamar and Sylvia B. Lamar, his wife. *352 Subsequent to the entry of the judgment, the appellee caused a writ of garnishment to be served on the appellant. At the time of service of the writ, the appellant was then holding two cashier’s checks payable to its order. Said checks were delivered to the appellant by Mario Lamar, who was indebted to the appellant on a note and mortgage. These checks were never accepted by the appellant as payment on the mortgage debt, but were held under an agreement which was subject to a condition subsequent. The checks were neither endorsed, cashed, deposited, nor otherwise used, and were returned to Lamar between the date of the service of the writ and the answer. Thereafter, the appellant filed its answer to the writ of garnishment, admitting it had $49.15 belonging to the judgment debtors. The appellant further answered the writ saying that at the time of service of said writ and at the time of answer thereto or any time between, it did not have in its hands possession or control of any goods, monies, chattels or effects of the Lamars. The parties moved for summary judgments and the trial court, after hearing thereon, entered the order appealed denying appellant’s motion for summary judgment and .awarding the appellee a final summary judgment in the amount of $1,341.83. This appeal ensued.
The cashier’s checks, representing an “indebtedness”, should have been considered the same as cash by the garnishee. See: §§ 676.01, 676.50, 676.52, Fla.Stat., F.S.A.; Goshen Nat. Bank v. State, 141 N.Y. 379, 36 N.E. 316; Tarrant Wholesale Drug Co. v. Kendall, Tex.Civ.App.1949, 223 S.W.2d 964; 10 Am.Jur.2d, Banks, § 544. The condition subsequent, upon which they were delivered, had not occurred and therefore the funds represented by said checks were held for the benefit of the Lamars. The insurance company, as custodian of the -cashier’s checks, controlled the “indebtedness” represented thereby.
The final summary judgment here under •review is hereby affirmed.
Affirmed.