PEARSON, Judge.
The question raised on this interlocutory appeal is whether the Circuit Court in and for Dade County erred in denying the motion of the- Bank of Hallandale to dismiss the appellee’s complaint because of improper venue.
We reverse because none of the provisions in § 47.051,[1] Fla.Stat., F.S.A., permits the action to be brought in Dade County.
The appellant transacts its customary business in Hallandale, Broward County, Florida, and has its only office there. It issued a cashier’s check payable “To the order of Central Bank of North Dade for credit to the account of Joe W. Sullivan Concrete Service, Inc.” The complaint alleges that the cashier’s check was dishonored by the appellant. The appellant moved to dismiss the complaint relying upon § 47.051, Fla.Stat., F.S.A., and Permenter v. Bank of Green Cove Springs, Fla.App.1962, 136 So.2d 377.
In Permenter the court held that “a check is a written contract to be performed at the place where is located the banking house or place of business of the person on whom it is drawn * * Under this rule the place of performance (payment) in the present case is the drawee-appellee’s place of business; the cause of action, if any, therefore accrued in Broward County. In Equitable Life Assurance Soc. of United States v. Cassel, Fla.App.1966, 188 So.2d 351, we held that “cashier’s checks * * * should have been considered the same as cash by [a] garnishee.” But the fact that a cashier’s check must be regarded as the equivalent of cash in some circumstances does not change the law regarding the place where a check is to be paid as stated in the Permenter case. So far as that question is concerned, a cashier’s check is no different from an ordinary check.
Our final holding is that the property in litigation is located in Broward County, not in Dade County. A check is property and can be the basis of a prosecution for larceny. 2 Wharton Criminal Law, Larceny, § 491. But while the dishonored check is in Dade County, the check itself is not the property in litigation. The property in litigation is the alleged debt of which the cashier’s check is evidence. See Clark v. Chicago Title & Trust Co., 186 Ill. 440, 57 N.E. 1061, 53 L.R.A. 232 (1900), cited in Amos v. Baird, 96 Fla. 181, 117 So. 789 (1928).
Reversed.

. “Actions against domestic corporations shall be brought only in the county or district where such corporation has or usually keeps an office for transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county or district where such corporation has an agent or other representative, or where the cause of action accrued, or where the property in litigation is located.”