237 So.2d 790 (1970)
B & F OF CLEARWATER, INC., Appellant,
v.
WESLEY CONSTRUCTION COMPANY, Appellee.
No. 70-312.
District Court of Appeal of Florida, Second District.
July 17, 1970.
*791 Burton C. Easton, Clearwater, for appellant.
Martin E. Segal, of Patton, Kanner, Tietig & Segal, Miami, for appellee.
LILES, Judge.
B & F of Clearwater, Inc., plaintiff in the trial court and appellant here, filed a complaint against Wesley Construction Company, defendant-appellee, in the Circuit Court for Pinellas County, Florida. The suit arose from appellee's repudiation before completion of a contract for construction and delivery of three units of buildings to appellee at a jobsite in Dade County. Appellant sought in this complaint restitution based on quantum meruit for labor costs, overhead, and reasonable profit involved in the performance of work thus far completed. It was stated in this complaint that appellee was a corporation residing in Dade County, Florida. Appellee then filed a Motion to Abate and Transfer, contending that the complaint failed to comply with Fla. Stat. § 46.04, F.S.A., and that proper venue for the complaint was in Dade County, Florida, where the cause of action accrued. Before a hearing was held on appellee's motion for change of venue, appellant amended his complaint to include an additional count for damages for breach of contract. After the hearing was held and memoranda of law submitted by counsel, the trial judge entered an order granting appellee's motion for a change of venue. The order was based on findings that the obligations from which appellant's cause of action arose were to be performed in Dade County, Florida, and that payment of appellant was subject to a prime contract between appellee and the Dade County Board of Public Instruction. The court held that these facts, when viewed in light of Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377, compelled the change of venue. Appellant brings this appeal from the above order.
Considering first appellant's argument that there is nothing in the record to support the finding of the trial court that appellant's payment was subject to a prime contract between appellant and the Dade County Board of Public Instruction, we conclude, after careful examination of the record on appeal, that appellant is correct. Thus the issue on appeal is whether the judgment of the trial court is sustainable on the basis of its finding that the obligations from which appellant's cause of action arose were to be performed in Dade County and the Permenter decision.
"Place of performance" as used in determining the place where the cause of action accrues in questions of venue under *792 Fla. Stat. §§ 47.041 and 47.051, F.S.A., is something of a phrase of art, and like all such phrases it can have multiple meanings, depending on the circumstances of the case in which it is applied. Suppose, for example, a prime contractor brings suit against a subcontractor for damages. Venue may obtain in the county where the subcontractor is to perform his services or deliver his goods, even though his place of business may be in another county. However, if this same subcontractor brings suit against the same prime contractor, alleging breach of contract in that he has not been paid for his performance, if the contract does not provide otherwise, the place of performance of the prime contractor's contractual obligation is the place where the subcontractor is to be paid. Thus if the prime contractor breaches his obligation, the cause of action accrues where the subcontractor is to be paid. Williams v. Aeroland Oil Co., 1944, 155 Fla. 114, 20 So.2d 346; Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146; M.A. Kite Co. v. A.C. Samford, Inc., Fla.App. 1961, 130 So.2d 99, 101. See also Duggan v. Tomlinson, Fla. 1965, 174 So.2d 393, 394.
The rule compelling this result was first announced by the Florida Supreme Court in Croker, supra, and is summarized in the M.A. Kite Co. case, 130 So.2d at 101 as follows:
"[W]here a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach."
This rule has met with some judicial disapproval, see Judge Sturgis' dissenting opinion in M.A. Kite Co. Cf. Mendez v. Hunt, Fla.App. 1966, 191 So.2d 480. However, it has been recently reaffirmed by our supreme court in Duggan v. Tomlinson, supra, and stare decisis requires us to adhere to it.
Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377, is not to the contrary. First, the holding of the case is that the trial court erred in granting a motion to dismiss for improper venue because the challenging party did not meet the burden of establishing its absence. Secondly, since it was noted by the court that it was alleged that payment, i.e., performance, of the check in question was to take place at a bank in the county where the complaint was filed, Permenter is consistent with the cases cited above.
Applying the rule of M.A. Kite Co. to the facts of this case, it is apparent that appellant's complaint did not show venue to be affirmatively lacking, and appellee has not met the burden of establishing its absence. See Permenter, supra, 136 So.2d at 379. Appellant asked in count one of its amended complaint for relief through restitution measured by quantum meruit and in count two sought monies owed under the contract as a portion of damages. If the contract had been fully performed by appellant and no compensation was forthcoming from appellee it would be perfectly clear under the above cited authority that performance, i.e., payment, would be due appellant in Pinellas County, and that appellant's cause of action would accrue there. The fact that appellee repudiated the contract before completion does not change this result, since the gravamen of appellant's complaint is not limited to recovery for lost profits, see Mendez v. Hunt, Fla. App. 1966, 191 So.2d 480, and at least one count of the complaint was founded on assumpsit on quantum meruit, a common law variety of restitution, see Saf-T-Clean, Inc. v. Martin-Marietta Corp., Fla. 1967, 197 So.2d 8. *793 Thus the order appealed from must be reversed.
Reversed.
HOBSON, C.J., and McNULTY, J., concur.