243 So.2d 446 (1971)
STOLLEY & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Eugene LAWRENCE, Appellee.
No. 70-879.
District Court of Appeal of Florida, Fourth District.
January 29, 1971.
Harry G. Carratt, of Morgan, Carratt & O'Connor, Fort Lauderdale, for appellant.
Richard B. Burk, of Scott, Burk, Royce & Kern, Palm Beach, for appellee.
WALDEN, Judge.
This is a venue problem. The trial court, upon defendant's motion, transferred the case from the Court of Record in and for Broward County to the Fifteenth Judicial Circuit in and for Palm Beach County, pursuant to Rule 1.060(b), F.R.C.P., 30 F.S.A. We reverse.
Plaintiff sued defendant for damages in Broward County, the very simple gravamen of its complaint being "Defendant owes Plaintiff the sum of $5,237.50 for engineering services rendered to the Defendant from the period of February 2, 1969, to June 18, 1969."
Defendant filed his Motion to Dismiss or Abate for Improper Venue. Defendant's sole support therefor was an affidavit which provided,

*447 "1. Affiant is a resident of Palm Beach County and maintains a business office in Palm Beach County at 205 Worth Avenue, Palm Beach, Florida, and Affiant does not have an office nor does he reside in Broward County, Florida.
"2. The cause, if any, accrued in Palm Beach County, State of Florida."
We know that the cause of action shall be brought where the defendant resides, where the cause of action accrued, or where the property in litigation is located.[1] Since defendant resides in Palm Beach County and since there is no property in litigation it follows that plaintiff can maintain the case in Broward County only if the cause of action accrued there.
With this background, it is the law of this state that plaintiff is not required to plead or prove that its selection of Broward County in which to bring suit was proper. The burden of pleading and proving that venue is improper is upon the defendant. And if defendant fails to sufficiently assert a venue objection, it is the defendant who must bear the consequences.[2] Such venue objection should contain specific averments negativing the plaintiff's right to bring the suit where brought and should contain specific averments as to where the cause of action accrued (if that be the critical issue) with such degree of certainty as to exclude the idea that the suit was brought in the proper county.[3]
Harking back to the instant controversy, the only averment or showing whatever negativing plaintiff's right to bring suit in Broward County as being the place where the cause of action accrued is the defendant's naked, factually unsupported, conclusion of law that, "the cause, if any, accrued in Palm Beach County." Determinations of where the cause of action accrued often pose difficult and sophisticated problems for courts and turn upon a detailed analysis of the facts, the theory of the case, the statutes, and the case law dealing therewith.[4] Here, the defendant is not shown to be an expert and we believe his opinion, certainly where the facts upon which it is based are not known, to be entitled to no weight.[5]
We do not know where the cause of action accrued. We do know that defendant has failed to prove and sufficiently assert, with specific averments, that plaintiff's venue choice was improper. Having so failed, the defendant must bear the consequence of having the suit maintained in Broward County.[6]
Viewing as we do from the high vantage of hindsight, it is neither our policy or purpose to be unduly critical. However, we would remind and emphasize this court's earlier statement, "Venue questions require a close understanding of the salient facts and the pleader's theories of law. Because venue must usually be decided at the outset of a case, it is often difficult to do so because at the beginning stages the record is slight, untested and unsettled. Thus, it is essential to a correct disposition that the presentment of the issue be marked by careful pleading, preparation, and conception of the cause of action."[7] Here, had *448 the parties presented the facts in detail to the trial court in the first instance, it would have been most helpful and would have undoubtedly led to a correct decision, thereby eliminating the necessity for this appeal.
The order appealed is
Reversed.
CROSS, C.J., and REED, J., concur.
NOTES
[1] Section 47.011, F.S. 1969, F.S.A.
[2] Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne and Trust Company, Fla.App. 1970, 238 So.2d 665; Allen v. State, Fla. 1965, 174 So.2d 538, reh. den.; Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377; Tribune Company v. Approved Personnel, Inc., Fla.App. 1959, 115 So.2d 170; Inverness Coca-Cola Bottling Company v. McDaniel, Fla. 1955, 78 So.2d 100.
[3] Permenter v. Bank of Green Cove Springs, supra.
[4] 34 Fla.Jur., Venue, §§ 19 and 20.
[5] 13 Fla.Jur., Evidence, § 304 et seq.
[6] Permenter v. Bank of Green Cove Springs, supra; Inverness Coca-Cola Bottling Company v. McDaniel, supra.
[7] Mendez v. George Hunt, Inc., Fla.App. 1966, 191 So.2d 480.