WALDEN, Judge
(specially concurring) :
I concur completely with the opinion prepared by Judge Owen and agree that it represents the majority opinion of this court in the disposition of the instant appeal.
I do, though, presume to add yet another ground which I believe supports our decision to reverse and remand.
The wife, as stated, filed this suit in Orange County and this became presumptively the proper legal arena as a matter of venue. And if the husband was dissatisfied the burden of proving that venue was improper was his. Here the only proof indicating that venue was incorrectly lodged in Orange County was the naked unsworn averment of counsel with reference to the issue that “this action was not brought in the county where the respondent husband legally resides or where the cause of action, if any, occurred.” Under these circumstances, by the very opinion of this court reported at Stolley & Associates, Inc. v. Lawrence, Fla.App.1971, 243 So.2d 446, the showing was insufficient to form a basis for a transferral of venue. It is, of course, clear that the husband has physically resided in Orange County since 1966. Thus, even if domicile is a necessary ingredient and must coincide with residence with reference to the statute, there is no showing that the husband, although legally adjudicated incompetent, did not have such mental capacity as to form an intent to establish a new domicile in Orange County. Matthews v. Matthews, Fla.App.1962, 141 So.2d 799.