281 So.2d 247 (1973)
Elmer BLAIR, Appellant,
v.
Jane DAVIS, Also Known As Martha Jane Davis or Mrs. C.M. Davis, Jr., and Conway M. Davis, Jr., Appellees.
No. 73-485.
District Court of Appeal of Florida, Fourth District.
August 10, 1973.
*248 Stanley A. Tucker, of Thompson, Tucker & Slawson, West Palm Beach, for appellant.
James Knox Kerr, Jr., Jacksonville, for appellees.
WALDEN, Judge.
Venue  where within the periphery of F.S. 1971, 47.011, F.S.A. did the cause of action accrue, this being the dispositive question? Was it Nassau County, as contended by defendants? Was it Palm Beach County, as contended by the plaintiff? The Palm Beach County trial court where the action was filed answered the venue lay in Nassau County. Plaintiff appeals. We reverse.
Mentioning only essentials and without passing upon the merit or sufficiency of plaintiff's complaint, its gravamen concerned the conversion of certain monies belonging to plaintiff, which had been on deposit in his bank account in Palm Beach County. Plaintiff's late wife, during her lifetime, delivered a check to defendant, Jane Davis. It was payable to her. The check was drawn upon the joint account of plaintiff and his wife in their Palm Beach County Bank.
Plaintiff's wife died and thereafter the defendants, Jane Davis and her husband, Conway M. Davis, Jr., deposited the check to their account in their Nassau County Bank. In due course of time and negotiation the check was presented for payment to the plaintiff's bank in Palm Beach County. It was paid and plaintiff's account thereby debited.
He complains on the premise that his wife's death revoked defendant's right to negotiate and obtain payment of the check, because, as we understand it and infer, he became the owner of the proceeds in their joint bank account as survivor of funds held as a tenancy by the entirety immediately upon the death of his wife. In other words, the payee's entitlement to negotiate the check was voided by the death of the drawer, leaving the payee with only a claim against the drawer's estate. The drawee bank is without authority to accept and pay a check under the circumstances with the limitations and exceptions found in Section 674.405, F.S. 1971, F.S.A., this being a bank protection statute. The foregoing pronouncements are thought to be basic and for a general discussion as to them see generally 4A Fla.Jur., Bills, Notes and Other Commercial Paper, § 359; 4 Fla.Jur., Banks and Trust Companies, § 244; and Section 674.405, F.S. 1971, F.S.A. And even if the check should be paid with the drawee's bank immune and statutorily not liable therefor, such payment does not effect or preclude the bank account owner or custodian from bringing suit against the paid payee and obtaining an adjudication.
In our opinion the instant cause of action accrued when and where the drawee bank "paid" the check upon presentment, because that critical act in fact diminished the plaintiff's bank account.
The cause did not accrue when the defendants deposited the check  it did not accrue when the drawer signed and delivered the check to the payee. None of these acts affected the plaintiff's assets. Further, regardless of these events, the *249 drawee bank had the power and duty (with the exceptions mentioned in F.S. 674.405, F.S.A., supra) to refuse payment upon the death of the drawer. Had the bank refused such payment or had the chose become lost or for whatever reason not been presented for payment, the plaintiff would be left without a grievance, as he would still have all of the money in his account to which he claims he is entitled.
The defendants take the position that a check is identical to a promissory note in the determination of venue and urge that the suit must be brought where the instrument was actually signed by the maker, citing to us 34 Fla.Jur., Venue, § 21. This premise overlooks and ignores two things. First, plaintiff is not suing upon the check  the instrument. Second, the principle applicable to promissory notes does not govern the venue of actions concerning checks. Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377.
A check is a contract to be performed at the place where is located the banking house of the person on whom it is drawn. Thus, when a check is presented for payment to the drawee bank and default is made in payment, a cause of action accrues then and there against the drawer. Permenter v. Bank of Green Cove Springs, supra; Bank of Hallandale v. Sullivan's Concrete Service, Inc., Fla.App. 1968, 216 So.2d 260.
Analyzing the Permenter and Hallandale cases, supra, which appear to hold that when the drawee bank defaults in payment of a check the cause of action accrues at that time and place, we think it may be said equally and conversely that where a check is presented to the drawee bank and wrongfully paid, the cause of action accrues then and there. We hold that, in this case, the venue properly lay in Palm Beach County.
Reversed.
OWEN, C.J., and MAGER, J., concur.