CHARLES CARROLL, Associate Judge.
This is an interlocutory appeal by the defendant below from an order relating to venue, as provided for by Rule 4.2(a) F. A.R.
The pertinent facts bearing on the question of venue, as revealed by the complaint and its exhibits and the defendant’s motion claiming lack of venue in Dade County and its supporting affidavits, may be summarized as follows.
The action, filed in the circuit court of Dade County, is by the holder of a dishonored check, against the maker, for recovery of the amount of the check. The defendant Grace E. Shindler, who resides in St. Lucie County, for consideration made and delivered a check for $5,000.00 to one Norman Peetluck. The check was drawn on The First National Bank and Trust Company of Stuart, a bank having its office and place of business in Martin county. The payee endorsed the check and transferred it for consideration to the plaintiff State Wide Recovery and Research Corporation. The latter thereafter deposited the check in an account maintained by it in United National Bank of Dadeland, in Dade county. The check was dishonored by the drawee bank, for insufficient funds. It was returned to the plaintiff-holder by the United National Bank of Dadeland, with a written notice that the check had been dishonored for insufficient funds and that the amount thereof had been charged to the holder’s account in said bank (thereby indicating that when the check had been deposited there for collection the plaintiff’s account had been credited with such sum).
The trial court denied the defendant’s motion, by an order in which it was held that the cause of action accrued in Dade *808 county because the check was presented for payment to a bank in Dade county and was returned there for insufficient funds by the Martin county (drawee) bank.
Section 47.011 Fla.Stat., F.S.A., relied on by the defendant in moving for change of venue, provides as follows:
“Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents”.
The determinative question here is whether the cause of action accrued in Dade county, as contended for by the plaintiff-appellee and as held by the trial court, or accrued in Martin county, as contended by the defendant-appellant. Contrary to the holding of the trial court, and in conformity to the contention of the appellant, in decisions by the first district court of appeal and this court, it has been held that in circumstances such as this case presents the holder’s cause of action for recovery on the dishonored check accrued when, and at the place where the drawee bank refused payment.
In Permenter v. Bank of Green Cove Springs, Fla.App. 1962, 136 So.2d 377, decided by the first district court of appeal, Permenter issued a check to the Bank of Green Cove Springs (located in Clay county), drawn on The Atlantic National Bank of Jacksonville (located in Duval county). Thereafter, upon direction of Permenter, the Jacksonville bank refused payment of the check. The bank of Green Cove Springs, the payee, sued Permenter in Du-val county. The defendant Permenter moved to dismiss, contending the cause of action accrued in Clay county because the transactions surrounding the issuance of the check took place there. The trial court granted the motion, holding venue did not lie in Duval county. The appellate court reversed, sustaining the venue in Duval county, holding the check was a written contract to be performed at the place of business of the drawee.
In Bank of Hallandale v. Joe Sullivari's Concrete Service, Inc., Fla.App.1968, 216 So.2d 260, this court followed Permenter. In the Hallandale case, the Bank of Hal-landale, located in Broward county, as maker, issued a check made payable “To the order of Central Bank of North Dade, for credit to the account of Joe W. Sullivan Concrete Service, Inc.”. In the opinion it is not shown where the check was presented for payment or was deposited. However, when the check reached the Bank of Hallandale in Broward county it was dishonored. An action by the holder to collect on the check was filed in the circuit court of Dade county. The defendant Bank of Hallandale moved to dismiss for improper venue. The trial court denied the motion. In reversing, this court said:
“In Permenter the court held that ‘a check is a written contract to be performed at the place where is located the banking house or place of business of the person on whom it is drawn * * *.’ Under this rule the place of performance (payment) in the present case is the drawee-appellee’s place of business; the cause of action, if any, therefore accrued in Broward County. * * * ”
We have been presented with no argument sufficient to cause us to decide this case contrary to the holdings in Permenter and Hallandale, on the authority of which we hold the cause of action sued upon in the instant case accrued in Martin county.
Accordingly, we hold the trial court erred in denying the defendant’s motion challenging venue in Dade county. The order appealed from is reversed, and the cause is remanded to the circuit court with direction to enter an appropriate order pursuant to Rule 1.060(b) F.R.C.P., transferring the case either to Martin county (where the cause of action accrued) or to St. Lucie county (where the defendant re *809 sides), as the plaintiff may elect, provided however that such transfer may not be made to the county where the defendant resides, rather than to Martin county, unless the defendant shall consent thereto. See § 47.163 Fla.Stat., F.S.A.; Mann v. Goodyear Tire and Rubber Company, Fla.1974, 300 So.2d 666.
It is so ordered.