331 So.2d 385 (1976)
U.S.H. PROPERTIES CORPORATION, Appellant,
v.
INTERCOASTAL INVESTMENTS INCORPORATED, Appellee.
No. 75-1785.
District Court of Appeal of Florida, Second District.
May 7, 1976.
*386 Harold Bowman, Clearwater, for appellant.
Reese A. Waters, Jr., of Towers, Cowart, Bolling & Waters, Jacksonville, for appellee.
PER CURIAM.
The parties will be referred to as in the trial court where the appellant was plaintiff and appellee was defendant.
This interlocutory appeal was taken from an order transferring venue on defendant's motion from the Circuit Court of Pinellas County to the Circuit Court of Duval County. We reverse.
The plaintiff, U.S.H. Properties Corporation, with its main office in Pinellas County, entered into an option agreement with defendant, Intercoastal Investments Incorporated, its principal office being in Duval County, giving the plaintiff the exclusive right to purchase certain real estate, located in Duval County and owned by the defendant. The plaintiff's obligation to purchase the property or forfeit the option fees was subject to certain conditions, one of them being a change in the existing applicable zoning ordinance in order that the premises would conform to the plaintiff's requirements. Plaintiff/buyer was obligated to cooperate with defendant/seller by providing information necessary to the seller with respect to rezoning proceedings, and was to procure at its expense a regional impact study. In the event that the subject property was not rezoned within the time limits set out in the contract, plaintiff/buyer could elect to terminate the agreement and recover the option fees.
On August 6, 1975, the plaintiff filed suit in the Circuit Court of Pinellas County for breach of contract, alleging therein that the defendant had been notified of the plaintiff's election to terminate due to the failure of the defendant to obtain rezoning of the property, and that the defendant had refused, after demand, to return $30,000 in option fees to the plaintiff as required by their agreement.
Defendant moved to dismiss the complaint for failure to allege sufficient facts to show proper venue pursuant to Fla. Stat. § 47.051, which provides that an action against a domestic corporation shall be brought only in the county where such corporation keeps its business office, where the cause of action accrued, or where the property in litigation is located. The trial court based its order transferring venue *387 to Duval County on the fact that both the property and the defendant's business office were located there, and on its finding that the plaintiff's cause of action accrued upon the alleged breach of the defendant's obligation to obtain rezoning of the property. It would necessarily follow, based on such reasoning, that venue could be laid properly only in Duval County, the place that the alleged breach occurred as determined by the trial court.
The plaintiff has raised four points on this appeal. Points II and III may be considered as one question, that being whether the trial court was correct in finding that the gravamen of the complaint was the defendant's failure to obtain rezoning of the subject property. The answer to this question is dispositive of Point IV, whether the trial court erred in transferring venue, and, therefore, we need not discuss defendant's Point I.
We do not agree with the trial court's determination of what constituted the defendant's alleged dereliction in this controversy. We believe that a reading of the language of the agreement aforesaid shows the parties expressly and unequivocally intended that the rezoning of the property was only a condition precedent, one of four such conditions, the compliance with which would obligate the plaintiff to either close the contemplated purchase or forfeit the option fees as liquidated damages. The plaintiff's rights to terminate and to the return of the option fees, should any of the four conditions remain unsatisfied, were clearly stated in the contract. There is nothing in the instrument to suggest that the defendant was absolutely bound to see that these conditions were met. Moreover, it is clear that the parties contemplated the possibility that the conditions might not be susceptible of fulfillment. In that event, the contract would cease to exist at the plaintiff's election. Since plaintiff elected to terminate, the gist of its grievance, we submit, was the failure of the defendant to return the option fees in accordance with the termination provision of the agreement.
Having concluded that the gravamen of the complaint was the alleged failure of the defendant to repay monies owed to the plaintiff, we turn now to the question of whether venue was properly laid in Pinellas County. It is the established law of this jurisdiction that where a contract involves the payment of money and no place of payment has been expressly agreed upon, payment is to be made where the payee resides or maintains its business office. Our sister court in reviewing a similar factual situation as presented here, in the case of M.A. Kite Co. v. A.C. Samford, Inc., Fla.App.1st, 1961, 130 So.2d 99, held: "In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach." See also Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146 and B & F of Clearwater, Inc. v. Wesley Construction Co., Fla.App. 2d, 1970, 237 So.2d 790. Applying this rule to the facts of this case we hold that the defendant's alleged default occurred in Pinellas County where the plaintiff maintains its business office and not in Duval County. Thus the plaintiff's choice of venue was permitted under the applicable provision of the venue statute. Fla. Stat. § 47.051.
Concluding as we do that the cause of action was based on the defendant's failure to repay the option fees and that the action accrued in Pinellas County, we hold that the trial court erred in transferring venue to Duval County. Accordingly, we reverse.
McNULTY, C.J., and BOARDMAN and SCHEB, JJ., concur.