FERGUSON, Judge
(concurring).
I agree with the majority opinion that the cause of action, if any, accrued in Lee County making venue in Dade County improper. I base my conclusion, as I believe the majority does, not on a theory of over *1057 payment, but simply upon the fact that the alleged wrongful act was committed in Lee County. In Macasphalt Corp. v. General Development Corp., 353 So.2d 878 (Fla.3d DCA 1978) the breaching act was alleged to be wrongful collection which was completed upon payment. In this case, the wrongful act was alleged to be that of withholding a sales deposit resulting in unjust enrichment or, alternatively, imposition of a penalty or forfeiture rather than legally appropriated liquidated damages.
I disagree with the majority opinion only to the extent that by citing to Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966), it suggests reliance on the test used to determine venue in a debtor-creditor relationship where the contract is silent as to place of payment. I also disagree that under the holding of U.S.H. Properties Corp. v. Intercoastal Investments, Inc., 331 So.2d 385 (Fla.2d DCA 1976), appellants would become creditors of appellees. In U.S.H. Properties, supra, the court stated that the return of the deposit was expressly required by the terms of the contract under certain conditions. Here the contractual agreement is not in evidence and we have no way of ascertaining whether the deposit was to be returned to buyer or retained by seller in the event the buyer could not obtain financing. In addition, plaintiffs here, unlike the plaintiffs in U.S.H. Properties, never alleged that the agreement, in fact, expressly required seller to return the funds. On the record before us, it is impossible to conclude that appellants became creditors upon refusal of the seller to return the deposit. The only possible conclusion, it seems to me, is that for the reasons stated in the uncontested affidavit of the defendant, the wrongful act occurred in Lee County.