429 So.2d 369 (1983)
Robert G. ALLEN, Appellant,
v.
Abner W. GORDON, Appellee.
No. AM-487.
District Court of Appeal of Florida, First District.
March 15, 1983.
Rehearing Denied April 13, 1983.
*370 David L. Dees of Green, Dees & France, Pensacola, for appellant.
James R. Green of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee.
WIGGINTON, Judge.
Appellant, Robert G. Allen, appeals the trial court's order denying his motion for directed verdict and motion for new trial in this conversion suit filed by his stepfather, appellee, Abner W. Gordon. We affirm.
Mr. Gordon, now age seventy-eight, married appellant's mother in 1938 when appellant was two years old. Mr. Gordon was a construction job superintendent who set aside funds regularly from his wages as well as outside business ventures including the purchase, operation and sale of the couple's Molino Florida farm holdings, to provide something for them to live on in their old age. In 1966, Mr. and Mrs. Gordon opened a passbook savings account in their names and in the name of appellant. The signature card for the account expressly stated that all three individuals were to hold ownership as joint tenants with right of survivorship. In 1974, the Gordons opened a certificate of deposit account in their names and in the name of appellant. The signature card for that account also expressly stated that all three individuals were to hold ownership as joint tenants with right of survivorship. After Mrs. Gordon's death in August, 1978, appellee and appellant signed a new signature card for the certificate of deposit account providing the same survivorship language. On the day the card was signed and without appellee's knowledge or consent, appellant transferred $10,000 from the passbook account to the certificate of deposit account and withdrew $11,644.62, the balance of the passbook account. On March 30, 1979, two days before appellee was to remarry, appellant withdrew the balance of the certificate of deposit account  $24,175.97, for his own use and again without informing his stepfather. *371 Consequently, appellee sued appellant for conversion of those funds. The jury returned a verdict for appellee for the amount taken plus accrued interest totaling $45,535.58.
Appellant argues that, pursuant to the signature card, he was either a joint tenant with right of survivorship and therefore entitled to one-half of the funds in the accounts or, if the right of survivorship was not created the three family members were all tenants in common. He contends that, if the parties were tenants in common, the trial court erred in failing to grant his motion for directed verdict due to appellee's failure to join an indispensable party plaintiff, the estate of Mrs. Gordon. He also argues that the trial court erred in denying his motion for new trial because the jury's verdict was contrary to the manifest weight of the evidence. Appellant's arguments are without merit.
The evidence at trial was sufficient to establish that appellant's name was included on the signature cards strictly for the convenience of Mr. and Mrs. Gordon, with the understanding that appellant would have the use of the money only for the benefit of Mr. and Mrs. Gordon in the event something happened to them and that the money was not intended to belong to appellant until Mr. and Mrs. Gordon both died. The parties' conduct over the years and testimony as to ownership, use and benefit of the several accounts and funds, clearly portray no intent on the part of appellant's mother or his stepfather to make a present gift to appellant of any portion of the funds in question. That evidence was sufficient to rebut the presumption created by the signature cards of joint tenancy with right of survivorship as to appellant and to support the jury's conclusion that appellant had no present interest in the money. See Constance v. Constance, 366 So.2d 804 (Fla. 3d DCA 1979). Since only Mr. and Mrs. Gordon held a present ownership interest in the accounts and because their ownership was as joint tenants with right of survivorship, upon the death of Mrs. Gordon, the money in the account became the property of appellee. The new signature cards executed in 1978 carried with them the same intent, caveats and conditions. Consequently, the trial court did not err in denying appellant's motions for directed verdict and new trial.
In appellant's final issue on appeal, he argues that the trial court erred in denying his motion for directed verdict on the ground that appellee failed to state a cause of action. Appellant contends that the money in question could not be the subject of conversion. However, in Belford Trucking Company v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1971), the court declared that money can be the subject of conversion if the specific money in question can be identified. The two accounts involved here were separate ascertainable amounts and accounts. The money was, therefore, specific and identifiable. The conversion took place, not while in the accounts, but upon appellant taking the money from the accounts. By withdrawing the money, appellant exercised wrongful dominion and control to the detriment of appellee. Therefore, a conversion action was proper.
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.