GLICKSTEIN, Judge.
We reverse the trial court’s order transferring venue, defendants/appellees having failed to show that none of the causes of action alleged in appellant’s complaint ac *1131 crued in the county in which appellant filed its complaint.
A venue objection should contain specific averments negativing the plaintiffs right to bring suit where plaintiff has brought it. If the place of accrual of the cause of action is at issue, the averments as to that should be clearcut enough to exclude the possibility that the county where the suit was brought is a proper venue. It is not enough merely to assert that the cause of action accrued in a different county. Stolley & Associates, Inc. v. Lawrence, 243 So.2d 446 (Fla. 4th DCA 1971).
Unless the defendant has sufficiently challenged the plaintiffs venue selection, the plaintiff need not allege or prove facts in support of his venue selection. Excel Insurance Company v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981). Here the motions for transfer of venue do not sufficiently challenge plaintiffs venue selection. The Swartsels averred that they live in Pasco County, and alleged that they had no contractual relationship with the plaintiff in Palm Beach County and do no business there. The Swartsels were silent about accrual of the cause of action. Emory Sin-gletary’s motion parallels the Swartsels’. Hampton Insurance Associates, Inc. made a conclusory statement that none of the causes of action accrued in Palm Beach County, but said nothing more on that question. Hampton said none of the defendants resides in Palm Beach County; no property involved in the suit is located in that county, none of the corporate defendants has an office for its customary business, and none of the foreign corporate defendants has an agent or other representative in that county. Hampton also said plaintiffs presence here is no basis for venue. This is not the stuff of which a motion pursuant to section 47.101 or section 47.122, Florida Statutes (1983) is made, as the corporate appellees have urged.
HERSEY, C.J., and WALDEN, J., concur.