559 So.2d 651 (1990)
ENVASES VENEZOLANOS, S.A., et al., Appellants,
v.
Enrique COLLAZO, et al., Appellees.
No. 89-1106.
District Court of Appeal of Florida, Third District.
March 13, 1990.
*652 Nortman & Bloom and George Volsky, for appellants.
Paul, Landy, Beiley & Harper and Barry D. Hunter, for appellees.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
According to the plaintiffs-appellants, which are Venezuelan corporations, their managing agent, Enrique Collazo, unlawfully directed a French bank in Paris to wire transfer $1,400,000 from their corporate account to one controlled by Collazo in a bank in Miami. In the present action, the corporations sued Collazo and, among others, the present appellee Oswaldo Castillo,[1] for damages in the Dade County Circuit Court. On Castillo's motion, the trial court dismissed the action under the doctrine of forum non conveniens. The plaintiffs appeal but we affirm.[2]
The doctrine of forum non conveniens, under which an action which is technically maintainable in the existing forum may be dismissed if it more appropriately should be maintained elsewhere, applies only when all of the parties are citizens of, and the cause of action accrued in another jurisdiction. See Mitsubishi Elec. Sales Am., Inc. v. Refriaire Int'l Corp., N.V., 538 So.2d 982 (Fla. 3d DCA 1989); see also Seaboard Coast Line R.R. v. Swain, 362 So.2d 17 (Fla. 1978); Armadora Naval Dominicana, S.A. v. Garcia, 478 So.2d 873 (Fla. 3d DCA 1985). In this case, it is undisputed that the plaintiffs-appellants and the party-defendants, including both Collazo and Castillo, are citizens of Venezuela. The appellants press the contention, however, that the doctrine of forum non conveniens is inapplicable because the various claims contained in the complaint  arising out of the theft and conversion of the corporate bank accounts  accrued in Miami. We hold to the contrary that the plaintiffs' claim arose in Paris, where the defendants wrongfully asserted control over the accounts.
The general rule applicable here is that a tort claim "is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place." Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA 1986); review denied, 494 So.2d 1153 (1986); see E.J. Sales & Service, Inc. v. Southeast First Nat'l Bank of Miami, 415 So.2d 906 (Fla. 3d DCA 1982). As to the tort of conversion, that act constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner. See Star Fruit Co. v. Eagle Lake Growers, 160 Fla. 130, 33 So.2d 858 (1948); General Finance Corp. v. Sexton, 155 So.2d 159 (Fla. 3d DCA 1963). In the case of the depleting of a bank account in one jurisdiction and its transmission to another, that wrongful act is necessarily deemed to have taken place where the defendant effects a withdrawal and, to make a long story short, steals the money. It is not, as the appellants would have it, in the place where the funds become accessible to the thieves  which occurred in this case, in Miami.[3] See Star Fruit, 160 Fla. at 132, 33 So.2d at 860 ("[t]he gist of a conversion ... [is] ... not the acquisition of the property of the wrongdoer, but the wrongful deprivation of a person of property to the *653 possession of which he is entitled."); see also National Union Fire Ins. Co. v. Caribe Aviation, Inc., 759 F.2d 873, 878 (11th Cir.1985) ("[t]he essence of [conversion] is not the acquisition of the property; rather it is the wrongful deprivation"); Sexton, 155 So.2d at 161 ("[t]he gist of the action is ... the wrongful deprivation of the property of the owner and neither manucaption nor asportation is an essential element thereof"). Several Florida cases have applied these rules in indistinguishable situations. Eagle v. Benefield-Chappell, Inc., 476 So.2d 716 (Fla. 4th DCA 1985) (conversion by transferring funds in bank account of defendant's client after termination of contractual relationship, "took place when the money was disbursed without [the client's] authorization"); Allen v. Gordon, 429 So.2d 369 (Fla. 1st DCA 1983) (conversion by stepson's withdrawal of money from accounts held jointly with stepfather without latter's knowledge or consent, took place when the money was removed from accounts); Blair v. Davis, 281 So.2d 247 (Fla. 4th DCA 1973) ("the ... action accrued when and where the drawee bank `paid' the check upon presentment, because that critical act in fact diminished the plaintiff's bank account").
E.J. Sales & Service, upon which the appellants heavily rely, is not contrary to this conclusion. In that case, a Miami bank mistakenly wired funds to the defendant's bank account in Orlando. The defendant had no part in the transfer and took no possession of the money until it had reached Orange County. The holding there, that the claim accrued in Orange County, is entirely consistent with the present holding that the defendants' tort in this case accrued in the place of its wrongful conduct.[4]
The other point raised by the appellants presents no error.
Affirmed.
NOTES
[1] It is alleged that Castillo, Collazo's father-in-law, aided, abetted, and conspired with Collazo in the accomplishment of the theft. Castillo is the only party defendant who has been served by the plaintiffs.
[2] By the time the action was commenced, the funds had disappeared from the bank account and from Florida. Hence, the case does not involve any action to preclude the disposition of the money in question. Compare Barbouti v. Lysandrou, 559 So.2d 648 (Fla. 3d DCA 1990).
[3] The validity of this result is demonstrated by the fact that the bank which made the unauthorized transfer is also likely guilty of conversion of funds in the account, see Jackson Vitrified China Co. v. People's Am. Nat'l Bank of North Miami, 388 So.2d 1059 (Fla. 3d DCA 1980), and is thus a joint tortfeasor with the present defendants. Surely no one would suggest that the action against the bank in Paris accrued in Miami.
[4] Both the facts and the holding of E.J. Sales & Service are mischaracterized in dictum in Tucker v. Fianson, 484 So.2d 1370, 1372 n. 3 (Fla. 3d DCA 1986). The author of all three cases takes this occasion, with due contrition, to correct the error.