PER CURIAM.
Blackstone Calling Card, Inc. appeals an order transferring venue. We affirm.
Plaintiff-appellant Blackstone Calling Card, Inc. sued the defendants-appel-lees on checks returned for insufficient funds. The defendants’ bank is in Orange County, Florida, and it dishonored the checks there. For purposes of the venue statute, the cause of action accrued there. See Shindler v. State Wide Recovery & Research Corp., 330 So.2d 807, 808 (Fla. 3d DCA 1976); § 47.011, Fla. Stat. (2001).
The plaintiff argues that the result should be otherwise because the plaintiff made demand under the worthless check statute, section 68.065, Florida Statutes (2001). The plaintiff argues that once demand is made under the statute, the demanded sum is payable where the plaintiff resides. See § 68.065(3), Fla. Stat. (2001). Since the plaintiff resides in Miami-Dade County, the plaintiff argues that this means the cause of action accrued in Miami-Dade County for purposes of the venue statute. We disagree, as it still appears that the cause of action is properly viewed as having accrued where the check was dishonored. Thus, we adhere to the Shin-dler rule. Venue was proper in Orange County on the bad check claims.
The plaintiff also asserted a claim for breach of contract. In this case the plaintiff sold prepaid telephone calling cards to the defendants on a C.O.D. (“cash on delivery”) basis. A Federal Express courier delivered the calling cards to the defendants’ place of business and exchanged the calling cards for checks which were then delivered by courier to the plaintiff in Miami.
The trial court ruled, and we agree, that since this was a C.O.D. transaction, it follows that the place of payment was at the place of delivery — the defendants’ business location — not the plaintiffs place of business in Miami. The plaintiff cites the rule that in the absence of an agreement on place of payment, the debtor must seek the creditor at the creditor’s residence or office. See Carter Realty Co. v. Roper *61 Bros. Land Co., 461 So.2d 1029 (Fla. 5th DCA 1985). That rule does not apply here, because payment was agreed to be C.O.D. at the defendant’s business location.
We therefore agree with the trial court that Miami-Dade County was an impermissible venue and the case was appropriately transferred to Orange County.
Affirmed.