917 So.2d 310 (2005)
JOHN HALL ELECTRICAL CONTRACTING, INC. and John M. Hall, Appellants,
v.
ALLSTATE CONSTRUCTION, INC., Appellee.
No. 1D05-3396.
District Court of Appeal of Florida, First District.
December 22, 2005.
*311 Adam C. Linkhorst and John A. Hockin of Linkhorst & Hockin, P.A., Palm Beach Gardens, for Appellants.
Bruce P. Anderson and Ginger L. Barry of Broad and Cassel, Destin, for Appellee.
VAN NORTWICK, J.
John Hall Electrical Contracting, Inc., and John M. Hall appeal an order denying their motion to transfer and/or dismiss for improper venue the complaint filed against them in Leon County Circuit Court by Allstate Construction, Inc., appellee. We have jurisdiction pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure. In its complaint, Allstate set forth causes of action for conversion and civil theft arising out of the appellants' alleged unauthorized negotiation of a check issued by Allstate and drawn on its bank account at the Farmers and Merchants Bank in Leon County, Florida. Appellants submit that John M. Hall has never resided in Leon County; that John Hall Electrical Contracting, Inc. does not maintain an office in Leon County; and that the conversion and civil theft claims accrued in Broward County where the check was received and negotiated and where the funds were allegedly improperly retained. Thus, they argue, venue cannot be maintained in Leon County. We cannot agree and affirm.
Under section 47.011, Florida Statutes (2004), actions against individuals "shall be brought only in the county where the defendant resides, where the cause of action occurred, or where the property in litigation is located." Similarly, under section 47.051, Florida Statutes (2004), actions against Florida corporations "shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located."
Here, the only basis for maintaining venue in Leon County would be for the cause of action to have accrued in Leon County. In Envases Venezolanos, S.A. v. Collazo, 559 So.2d 651, 652 (Fla. 3d DCA 1990), Judge Schwartz explained the appropriate analysis for determining where a conversion cause of action accrues:
As to the tort of conversion, that act constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner. In the case of the depleting of a bank account in one jurisdiction and its transmission to another, that wrongful act is necessarily deemed to have taken place where the defendant effects a withdrawal and, to make a long story short, steals the money. It is not, as the appellants would have it, in the place *312 where the funds become accessible to the thieves....
(citations omitted); see also Allen v. Gordon, 429 So.2d 369 (Fla. 1st DCA 1983)(conversion by stepson's withdrawal of money from accounts held jointly with stepfather without latter's knowledge or consent, took place when the money was removed from accounts); Blair v. Davis, 281 So.2d 247, 248 (Fla. 4th DCA 1973)("the ... action accrued when and where the drawee bank `paid' the check upon presentment, because that critical act in fact diminished the plaintiff's bank account"). As did the Collazo court, we distinguish E.J. Sales & Serv., Inc. v. Southeast First Nat'l Bank of Miami, 415 So.2d 906 (Fla. 3d DCA 1982), upon which appellants heavily rely. See Collazo, 559 So.2d at 653. In the case before us, the funds allegedly converted or stolen were paid from an account at appellee's bank in Tallahassee. Accordingly, the claims accrued in Leon County and venue appropriately lies in Leon County Circuit Court.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.